### James and wife *vs.* James and others.

Where a testator devised a house and lot to his wife for life, with power to dispose of the same by her will to their descendants in fee, with the power of selection as she might think proper; which devise, together with certain legacies were, by the will of the testator, to be in lieu of his wife's right of dower; and the testator then devised the residue of his estate not before bequeathed and devised to his wife, to trustees, in trust for the purposes of the will; and the widow afterwards elected to take her dower, instead of the provision made for her in the will; *Held*, that the whole legal and equitable interest in the house and lot, subject to the widow's right of dower therein, descended to the heirs at law of the testator, and did not go to the trustees under the will.

In a will of personal estate, a general residuary bequest carries to the residuary legatees not only what is not disposed of to others, but also whatever is not legally disposed of so as to pass to the persons intended as the objects of the testator's bounty. It is otherwise as to real estate.

Where a specific devise of real estate does not take effect, either from the incompetency of the devisee to take, or otherwise, it descends to the heir at law, as property not disposed of by the will.

No decree can be made against infants upon the admissions of their guardian ad litem in the answer.

This was a suit for the partition of a house and lot in the city of Albany, which by the will of W. James, deceased, was devised to his wife for life, with power to dispose of the same by will to the descendants of the testator and his said wife, as she might think proper. This devise, and certain specific and pecuniary bequests to his wife, were by the will of the testator declared to be in lieu and full satisfaction of her dower in his estate. The residue of his property the testa-

1833.

James
v.
James.

tor devised and bequeathed to trustees, upon certain trusts in the will expressed, as follows: "I give, devise and bequeath to them, the said Gideon Hawley, James King and Augustus James, all my estate both real and personal of which I shall be possessed and entitled to devise at the time of my death, *and not herein before devised and bequeathed to my wife,* in trust to manage and dispose of the same, and to receive and apply the rents, issues and profits, proceeds, interest and increase thereof in the manner hereinafter expressed, &c. The widow elected to take her dower in the real estate of the testator, instead of the provision which was made for her in the will.

. *James King,* for the complainants.

·*F. Griffin,* for the defendants Barker and wife.

*J. V. L. Pruyn,* for Augustus James and wife.

*J. Rhoades & H. G. Wheaton,* for the infant defendants.

THE·CHANCELLOR. If the trustees under the will took no interest in the premises in which partition is sought, they need not be made parties; as they might demur to the bill, unless it was alleged therein that they had some legal or equitable interest in the premises, or at least that they claimed an interest under the will. The only questions, therefore, which arise on the bill and answers are, whether any thing passed to the trustees, under the general clause in the will devising the residue to them in trust. It is supposed by the complainants, and by some of the defendants who have a common interest with them in supporting that construction, that the premises in question are excluded from the general devise to the trustees. The defendants Barker and wife, and the guardian ad litem of the infant defendants who are entitled to share in the general residue under the trusts of the will, insist that the devise to the wife having become void by her refusal to accept it in lieu of dower, the will must be construed in the same manner as if the specific devise had not been made.

It appears to be well settled that in a will of personal estate, a general residuary bequest carries to the residuary legatees not only every thing not disposed of in terms or by necessary implication, but also every thing which turns out not to have been legally disposed of so as to pass to the persons intended as the objects of the testator's bounty. But it is otherwise as to a residuary devise of real estate. For if a part of the real estate is specifically devised, and the devise does not take effect, either from the incompetency of the devisee to take, from a partial revocation of the will, a lapse by the death of the devisee in the lifetime of the testator, or from the not happening of the contingency upon which as a condition precedent the devise was made or was to take effect, it descends to the heir at law as property undisposed of by the will. (*Wright* v. *Hall*, *Fortesc. Rep.* 182. *Watson* v. *Earl of Lincoln*, *Amb. Rep.* 325. *Gravenor* v. *Hallum*, *Id.* 645.) The case of *Greene* v. *Dennis*, (6 *Conn. Rep.* 293,) is analogous to the one now under consideration. In that case the testator devised a particular farm to the *yearly meeting of Quakers of New-England*, and gave the residue of his estate, not otherwise disposed of by his will, to his nephew, R. Green. The specific devise being declared void, it was held that the farm descended to the heirs at law of the testator, and did not pass to the nephew under the general residuary clause in the will. In the present case, the testator seems to have taken it for granted either that he had a right to bar the wife of her dower by a specific provision in lieu thereof, or that she would elect to receive that provision. He therefore devised to the trustees *the residue of his estate not therein before devised and bequeathed to his wife.* So far as regards the life estate, therefore, which is devised to her in the premises, there can be no doubt, upon the law as settled for more than a century, that it descended to the heirs at law, and did not pass to the trustees under the general devise of the residue to the trustees.

The only difficulty I have found in this case relates to the reversion in the premises, after the termination of the estate devised to the widow; as to which there is a devise to her of a special power in trust, for the benefit of the descendants of the testator and his wife, with the right of selection. Al-

1833.

James
v.
James.

though this power was probably imperative, under the provisions of the revised statutes, if the widow had elected to take the devise and bequests to her in lieu of dower, yet the legal estate in the reversion, until the execution of the power, would either have vested in the trustees under the residuary devise to them, or have vested in the heirs at law of the testator. (1 *R. S.* 729, § 59. *Sugd. on Powers,* 5 *Lond. ed.* 406.) But as it was the evident intention of the testator that the devise of this power in trust, as well as the beneficial devise of the life estate in the premises, should depend upon the contingency of the relinquishment of dower, the election of the widow to claim her dower in the residue of the estate rendered the whole of this devise inoperative and void. And if the legal estate in the reversion passed to the trustees, under the residuary bequest, they now hold the whole legal and equitable interest in such reversion as applicable to the trusts upon which the general residue was devised. On the other hand, if the legal estate in the reversion descended to the heirs at law, subject to the execution of the power in trust, then, in the event which has happened, the several parties in this suit now hold such legal estate, as the heirs at law of the testator, discharged of the equitable lien of such trust power thereon.

To ascertain in whom the legal estate in the reversion of these premises would have vested, if the widow had elected to receive the provision made for her by the will in lieu of her dower, it will be necessary to examine the several trusts created by this will, in connection with some of the provisions of the articles of the revised statutes relative to uses and trusts, and to powers. By the 95th section (1 *R. S.* 734, *and Laws of* 1830, *p.* 387, § 11,) it is declared that a special power is in trust, when the disposition which it authorizes is limited to be made to any person or class of persons, other than the grantee of such power. And by the 100th section it is provided that if the trustee of a power with the right of selection shall die, leaving the power unexecuted, its execution shall be decreed in equity for the benefit equally of all the persons designated as objects of the trust. It is evident, therefore, that if the devise of this power in trust had not become void, by the election of the widow to claim her dower, whoever took the

1833.

James
v.
James.

legal estate in the reversion would have taken it as a trust, subject to be divested by the execution of the power, by the will of Mrs. James, in favor of any of the lineal descendants of herself and the testator ; and subject to the power of this court to decree a conveyance of the reversion to all such descendants, as tenants in common, if the widow died leaving the power unexecuted. That being the case, a direct and explicit devise of the legal estate in the reversion to the trustees being wholly disconnected with the objects of their trust, it would have been void and inoperative ; and the legal estate would have vested in the heirs at law of the testator, by the operation of the 58th and 62d sections of the statute. (1 *R. S.* 729.) I therefore must declare in this case that in consequence of Catharine James, the widow's having elected to claim her dower in the real estate of the testator, the whole legal and equitable interest of the decedent in the premises descended to his heirs at law, subject to her right of dower therein. And that the complainants are entitled to a partition thereof, according to the prayer of their bill.

It is not without some hesitation I have arrived at the conclusion that the election of the widow to take her dower in the estate has the effect to defeat the devise to her of a power in the trust, to be executed in favor of her decendants. But as all those who could claim an interest in the execution of the power, as the lineal descendants of the present Mrs. James and her late husband, are before the court as parties, the purchaser under a decree in this case will take the property discharged of any such equity. And if any of the parties are dissatisfied with my decision on this point, I should be much pleased if that decision could be reviewed by the appellate court.

As a part of the defendants are infants, no decree can be made upon the admission of the guardians ad litem in the answer. It must therefore be referred to a master to inquire and report as to the truth of the allegations in the complainant's bill, and particularly whether Catharine James, the widow, has elected to take her dower in the real estate of her late husband, instead of the devises and bequests made to her by the will ; and to take proof of the complainant's title, and

1833.

Lampman
v.
Hand.

report an abstract of the conveyances by which the same is held, and to ascertain and report the rights and interests of the several parties in the premises in conformity to this decision ; and whether the premises are so circumstanced that a partition thereof cannot be made without great prejudice to the owners.  If the master arrives at the conclusion that a sale of the premises is necessary, he is also to ascertain and report whether any creditor not a party to this suit has a specific lien on the undivided share or interest of any of the parties by mortgage, devise or otherwise.  And if the master is satisfied there are no such specific liens, he is also to ascertain and report as to the existence of any general lien or encumbrance by judgment or decree, &c.  Upon the coming in and confirmation of the report, the complainants are to be at liberty, upon due notice to the adverse parties, to apply, either upon a stated motion day or at term, for such further order and decree in the premises as may be proper.