## ROBERSON'S HEIRS *vs.* ROBERSON'S EXECUTORS.

1. On the distribution of an estate in which the wife is interested, the decree for her distributive share should be in the name of husband and wife, for the use of the wife.

2. A bequest of freedom to a slave is void, in consequence of his incapacity to take under the will.

3. Slaves to whom the testator attempted to bequeath their freedom go to the residuary legatee under the will, and not to the heirs at law as property undisposed of by the will.

ERROR to the Court of Probate of St. Clair.

John Roberson made his will on the 1st day of August, 1844, and died. James Roberson and John P. Roberson were named as executors, and at the January term, 1846, of

the Orphans' Court of St. Clair, they produced and proved the will, and took out letters testamentary thereon.

By the will, specific legacies are given to his daughter, Nancy Maddin, and his grand-daughter, Catharine Allen, as well as to his sons, James, Willis, John P. and Robert F. Roberson; he then bequeaths to his wife a horse, saddle, and an annuity during her life or widowhood, of $20 per annum. The will then proceeds: "The balance of my property of every kind to be sold on a credit of twelve months, and the proceeds to be equally divided with my son James Roberson, John P. Roberson, Robert F. Roberson, William A. Coleman and P. H. Castleberry." The last clause of the will is in these words: "Lastly, and for good services and regard that I have for my four slaves, to wit: Old Peter and Chany his wife, and Little Peter and Jinny his wife, I hereby set them free at my death."

The executors procured the property not specifically bequeathed to be appraised and sold, including the four slaves to whom freedom was bequeathed by the will.

At March term, 1846, the executors returned into court the appraisement and account of sales of the estate of their testator, which was received, and ordered to be recorded.

No further order appears to have been taken in relation to the estate until the March term, 1851, when, it appears, that the executors filed their accounts and vouchers for final settlement, and the court appointed the 2d Monday in June, 1851, as the day of final settlement; and as it appeared by affidavit that some of the legatees and heirs of the estate were non-residents, the court proceeded to make the following order: "It is therefore ordered, that notice be given by publication in the Jacksonville Republican, for once a week for three consecutive weeks, at least sixty days previous to said 2d Monday in June next, that it is the intention of said executors to have their said accounts and vouchers presented to the said court for allowance, and for final settlement, at a term of said court to be held at the court house of said county, on the 2d Monday in June next, when and where all persons interested in the settlement of said estate may appear and object or except if they think proper."

It is then ordered that, a copy of the preceding order be

posted up at the court house door and three public places in the county, sixty days previous to the 2d Monday in June then next.

It was further ordered, that Wm. Riggs be appointed guardian *ad litem* for David, John R., Eliza and Drucilla Castleberry, minor children of Parmenius H. Castleberry.

At the June term, 1851, the Probate Court proceeded to settle the account, and distribute the estate among the persons, who, in its judgment, were entitled to receive it.

In the decree of distribution, the executors are directed to pay Nancy Maddin, wife of Jacob Maddin, sixty dollars, as her distributive share.

To Catharine Enlow, late Catharine Allen, wife of Asa Enlow, the sum of twenty-six dollars on account of special legacy under the will of John Roberson, deceased; and sixty dollars as her distributive share.

To Willis Roberson sixty dollars, as his distributive share.

The remainder of the sum of $1136\frac{36}{100}$, in the hands of the executors, is ordered to be paid to Wm. A. Coleman, Robert F. Roberson, P. H. Castleberry, Jas. Roberson and John P. Roberson, the residuary legatees named in the will of the testator, in sums of $184,87\frac{1}{2}$ each.

The money thus divided was derived from the sale of the property mentioned in the residuary clause of the will, and the four slaves to whom the testator bequeathed their freedom.

The final settlement and decree of distribution are assigned for error.

MORGAN & WALKER, for plaintiffs in error.

B. T. POPE, *contra.*

LIGON, J.—There are two errors manifested in this record for which the decree must be reversed.

1. The decree is in favor of Mrs. Maddin and Mrs. Enlow for their supposed portions of the estate, when it is apparent that their husbands are alive, and are named in the decree, but by its terms excluded from any interest under it. In the case of Croft v. Terrell, 15 Ala. 652, it was held, that, on the distribution of an estate in which the wife is interested, the decree for her distributive share should be in the name of the

husband and wife, for the use of the wife. Here the decree is in favor of the wife alone, without including the husband. Were this the only error, it might, perhaps, be corrected here, if the parties were entitled as distributees, but as the case must be sent back in consequence of more fatal error, I have thought it best to note this one also.

2. The money in the hands of the executors, as appears from the record, is derived from the sale of the personal estate of the testator not specifically bequeathed, and the four slaves on whom the testator attempted by his will to confer their freedom. They were rightly treated as a part of the personal estate of the testator, notwithstanding he bequeathed to them their freedom; for it is well settled in this State that a slave cannot acquire property either by descent, bequest, or purchase, so that a bequest to them of freedom is void, in consequence of their incapacity to take under the will. Trotter, Adm'r, v. Blocker and Wife, 6 Por. 269.

But the Probate Court seems to have treated these slaves, or the money arising from the sale of them, as a portion of the estate of the testator not disposed of by the will, and consequently ordered it to be distributed among the heirs at law of the testator, as in case of intestacy. In this, I think the court clearly erred. It is well settled that a lapsed or void legacy of personal property, goes to the residuary legatee. 1 Jar. on Wills, 302; Taylor v. Lucas, 4 Hawkes 215; James v. James, 4 Paige 115; Gore v. Stevens, 1 Dana 206; Van Kleeck v. Ref. Dutch Church, 6 Paige 600; Hayden v. Stoughton, 5 Pick. 528–537–538. As, then, these slaves were the property of the testator at the time of his death, and are not otherwise disposed of by his will, they pass to James, John P. and Robert F. Roberson, William A. Coleman and P. H. Castleberry, under that clause in which the testator bequeaths to them, "the balance of my (his) property of every kind," or the proceeds thereof when sold.

Neither Mrs. Madden, Mrs. Enlow, nor Willis Roberson, is entitled to any part of it as heirs at law of the testator. If the legacies bequeathed to them have not been paid by the executors, they have their remedy against them as legatees, but no claim whatever as distributees of the estate of John Roberson, deceased.

It is needless to examine the other errors insisted on in the brief of the plaintiff in error. For those already noted the decree must be reversed, and the cause remanded.