Jack et al. (slaves) v. Doran's Executors.

---

## JACK ET AL. (SLAVES) *vs.* DORAN'S EXECUTORS.

[STATUTORY SUIT FOR FREEDOM.]

1. *Validity of bequest of freedom to slave.*—In this State, a direct bequest of freedom to slaves is void, unless their emancipation is authorized

by some special legislative provision; and where the testator is authorized, by a special statute, to emancipate his slaves at his discretion, but is required, as a condition precedent, previously to convey a certain quantity of land to the judge of the county court, in trust for their use, as a security that they shall not become a public charge, a devise of the land to the slaves themselves, in a will which is not sufficiently attested to pass real estate, is not a substantial compliance with the statute, and the bequest and devise are both void.

APPEAL from the Circuit Court of Jackson.

The record does not show the name of the presiding judge.

THIS action was instituted by the appellants, who were the slaves of James Doran, deceased, in his life-time, and who sued by their next friend, against the executors and heirs-at-law of said Doran. The plaintiffs claimed their freedom under two special acts of the legislature of Alabama, which were made exhibits to their petition, and under the will of said Doran, which was admitted to probate, in November, 1840, as a will of personal property only, being attested by but two witnesses.

The first act of the legislature, entitled "An act to authorize James Doran to emancipate certain slaves therein named," approved January 20, 1832, was in these words : "Be it enacted," &c., "that James Doran, of Jackson county, be, and he is hereby, authorized to (to take effect at his discretion) emancipate and set-free slaves of the following names—viz., Sally, Annie, Jack, Catsy, Davy, Emeline, Eliza, Jane, Nancy, Amanda, Jarry, and Polly ; *provided*, he shall previously convey to the judge of the county court of said county, and his successors, six hundred and forty acres of land, on which he now resides, or lands equal in value thereto, in trust-forever, for the use of said slaves, as security that they shall not become chargeable on any city, county, or town in this State." The other act, which was approved January 5, 1833, and entitled "An act supplemental to" to the former, authorized said Doran to emancipate two other slaves, Jim and Esther by name, upon the condition mentioned in the previous act.

## JANUARY TERM, 1861. 267

Jack et al. (slaves) v. Doran's Execut rs.

The clause of said Doran's will, under which the plaintiffs asserted their claim to freedom, was as follows: "At the death of my wife, Linny Doran, I give and bequeath unto my negro slaves which I now have at home with me," (specifying by name all the slaves mentioned in the two acts of the legislature, and their children,) "and all future increase of their families, their freedom; *provided,* they be obedient servants to my wife during the whole of her natural life-time," &c. "And, as the law obliges the owners of slaves to give security before they can set them free, so that they may not become a public charge, I leave to them, for that purpose, the whole of my tract of land on which I now live, to be divided in the following manner," &c.

The suit was instituted in September, 1858. The petition alleged, that the widow of said Doran died in 1851; that the plaintiffs were afterwards carried into Tennessee, by some of the defendants, against whom the other defendants had there instituted legal proceedings for their recovery; and that the plaintiffs were still in Tennessee, when their petition was filed. The circuit court sustained a demurrer to the petition, and its judgment is now assigned as error.

H. Cox, for appellants.

P. Turney, *contra.*

R. W. WALKER, J.—James Doran, by his will, which was executed in this State, made a direct bequest of freedom to certain slaves. According to the repeated decisions of this court, it is clear that, unless there was some legislative provision authorizing the emancipation, the bequest was void.— *Trotter v. Blocker,* 6 Por. 269; *Atwood v. Beck,* 21 Ala. 612; *Alston v. Coleman,* 7 Ala. 795; *Roberson v. Roberson,* 21 Ala. 273. It is not pretended that there was any legislative authority for the emancipation, except such as was furnished by the special acts of 1832 and 1833, which are set out in the record. These acts authorized Doran to emancipate these slaves, the emancipation to take

effect at his discretion; but they provided, as a condition precedent to the emancipation, that he should previously convey to the judge of the county court of Jackson county six hundred and forty acres of land, on which he then resided, or lands equal in value thereto, in trust forever, for the use of said slaves; as security that they should not become chargeable on any city, county, or town in this State. No conveyance of any kind was ever made, or attempted to be made by Doran, to the judge of the county court, in trust for the use of the slaves. The attempt to devise the six hundred and forty acres of land referred to, directly to the slaves, was, perhaps, made with the view of complying with this requirement of the legislature. But that attempt was futile, if for no other reason; because the will, having been attested by only two witnesses, was not so executed as to pass real estate ; and, consequently, was admitted to probate, only so far as it related to personalty. This devise of the land to the slaves being void, there can be no pretense that Doran ever performed, either in form or in substance, the condition which the legislature prescribed as a pre-requisite to the emancipation. The bequest of freedom must, therefore, be treated just as if these special acts of the legislature had never existed. Thus considered, it is, according to the well-settled law of this State; clearly invalid.

Judgment affirmed.