HENRY YOUNGS et al., Executors, etc., Respondents, *v.* MARIA YOUNGS et al., Appellants.

Lands were specifically devised to J. for life, and on his death to his children. By the residuary clause of the will, all the "rest, residue and remainder of the testator's property and estate, real and personal, whatsoever and wheresoever situated, and not therein and thereby specifically devised or bequeathed, he gave, devised and bequeathed" to certain residuary devisees and legatees. J. having died unmarried in the lifetime of the testator, — *Held,* that the lands in which a life estate was devised to him, passed under the will to the residuary devisees, and not to the heirs-at-law.

*Dash* v. *Van Kleek* (20 Wend., 458) explained and distinguished.

Under the Revised Statutes (2 R. S., 57, § 5), changing the common-law rule, a will whose introductory clause expresses a desire to make a suitable disposition of such worldly property and estate as the testator shall *leave behind him,* the residuary devise expressly devising all his real estate not before specifically devised, carries all after-acquired lands belonging to the testator at the time of his death.

Where the testator charges the payment of his debts upon certain specified real estate, and, if that shall prove insufficient, then upon his other real estate, — *Held,* as between the legatees and the devisees, the personal estate was exonerated from the debts.

(Argued March 27; decided April 4, 1871.)

APPEAL from the General Term of the Supreme Court, in the First judicial department, affirming the judgment of Special Term.

This action was commenced to obtain a judicial construction of a will. The testator died, seized of a large real estate; he also was possessed of considerable personal property, and was indebted to a considerable amount. He left no wife or descendants surviving him, but numerous collateral heirs. He devised considerable real estate, in every case giving a life estate to the first taker, with remainder in fee to the issue of such first

taker. He set apart certain real property for the payment of his debts, giving the fee to such of his executors as should qualify, in trust for that purpose. He was the owner, at the time of his death, of real property not mentioned in his will, and acquired after the execution of such will. The testator devised certain real property respectively to two nephews, John and Gideon, during their natural lives, the fee to their surviving issue. These nephews died intestate and unmarried, several years before the testator. The will was carefully and elaborately drawn containing twenty-six clauses. By the last clause the testator gave to certain relatives "all the rest, residue and remainder of my estate, real and personal, whatsoever, and wheresoever situate, not therein and thereby specifically devised or bequeathed." It was held at Special Term, 1. That the residuary devisees were entitled to the lands which the testator devised to the two nephews John and Gideon respectively, or their children or other issue surviving them respectively. 2. That they were entitled to the land acquired by the testator after the execution of his will. 3. That the primary fund for the payment of debts, was the proceeds of the land devised for that purpose, and if those proceeds proved insufficient, then the balance was to be charged upon the other real estate designated by the testator for that purpose. The judgment of the Special Term was afterward affirmed by the General Term.

*Cyrus Lawton* and *A. J. Rogers*, for appellants. Lands devised to the two nephews, passed to the heirs at law. (*Doe dem Morris* v. *Underdown*, Willes R., 293, 296, 297; *James* v. *James*, 4 Paige, 115; 6 Paige, 600; 20 Wend., 457; *Green* v. *Dennis*, 6 Conn., 293.) Any estate that by lapse, omission, accident or mistake, remains undisposed of, belongs to the heirs-at-law. (*Devon* v. *Mellor*, 5 Term., 558, 563, 564; *Lynes* v. *Townsend*, 33 N. Y., 561, 562, and cases cited; *Saylor* v. *Plaine*, 1 Amer. Reports, 34; 31 Md., 156; *Doe* v. *Weatherby*, 11 East, 323, 332, 333; 2 Barb., Ch. 102; *Atkyns* v. *Atkyns*, Cowper, 808, 811.)

*E. G. Drake, Jr.,* for guardian *ad litem,* of infants, appellants, on the question of the exoneration of the personal property from the payment of debts, cited, Hill on Trustees, 4th Amer. ed., 350, marg. p.; 2 Williams on Exec., 5th Amer. ed., 1541, 1545 marg. p.; 1 White & Tudor's Lead. Cases, 3d Amer. ed., 505, marg. p.; 49 Law Lib., N. S.; 2 White & Tudor's Lead. Cases, 3d Amer. ed., 56 marg. p.; 45 Law Lib. N. S.

*Marshall S. Bidwell,* for residuary devisees, respondents. It is proper, in order to discover the testator's intent, to refer to the introductory words in the will. (*Earl* v. *Grim.,* 1 Johns., Ch., 494; *Ibbottson* v. *Beckwith, Ca. tem. Talbot,* 157, 160, 161; *Doe d. Penwarden* v. *Gilbert,* 6 Moore, 268; 3 Brod. & Bing., 85; *Grayson* v. *Atkinson,* 1 Wils. 33–9; *Charter* v. *Otis,* 41 Barb., 529, 531; 36 N. Y., 231.) Every intendment is to be made against holding a man to die intestate, who sits down to dispose of the residue of his property. (*Booth* v. *Booth,* 4 Ves., 407; *Boyle* v. *Hamilton,* 4 Ves., 437, 439; *Phillips* v. *Chamberlain,* 4 Ves., 51, 59; *Wadley* v. *North,* 3 Ves. 367; *Bird* v. *Hunsdon,* 2 Swans., 345, 346; *Morrall* v. *Sutton,* 1 Phill. Ch., 537; *Kingsland* v. *Rapelye,* 3 Edw., 1; *Reeves* v. *Reeves,* 1 Dev. Eq., 386, 388; 2 Rop. on Leg. 1461; 2 Red. on Wills, 116; Ward on Leg., 11, 12; 2 Law Lib. N. S.) The devise over to John's children, the testator knowing he was unmarried, was a contingent remainder. (*Purefroy* v. *Rogers,* 3 Sand., 380; *Baker* v. *Lorillard,* 4 Comst., 265; Hayes on Real Estate, 82; *Egerton* v. *Massy,* 3 C. B. N. S., 345.) The will not providing for the contingency of John's death without issue surviving, and the law gives the property on the happening of that contingency to the residuary devisee. (2 Powell on Dev., by Jarm., 106; 1 Jarm., 4 Am. Ed., 590–591; *Doe d. Wells* v. *Scott,* 3 Mau. & Sel., 300; *Cholmondeley* v. *Weatherby,* 11 East., 322; *Moreton* v. *Fassick,* 1 B. & Adol., 186; *Chester* v. *Chester,* 3 P. Wms., 56; *Wheeler* v. *Walroone,* Aleyn, 28; *Willows* v. *Lydcot,* 2 Ventr., 85; *Stephens* v. *Stephens, Ca. tem.,* Tal-

bot, 228, 233; *Doe d. Morris* v. *Underwood,* Willes R., 293; *Rident* v. *Pain,* 3 Atk., 486; *Egerton* v. *Massey,* 3 C. B. N. S., 338; *Glover* v. *Spendlove,* 4 B. C. C., 337; *Hayden* v. *Stoughton,* 5 Pick'g., 528; *Brigham* v. *Chadwick,* 10 Pick'g., 306, 309; *Austin* v. *Cambridgeport,* 21 Pick'g., 215, 224; *Bowers* v. *Smith,* 10 Paige R., 202; *Craig* v. *Craig,* 3 Barb., Ch. R., 101, 102.

GROVER, J. Section 5, 2 R. S., 57, provides that every will that shall be made by a testator, in express terms, of all his real estate or in any other terms denoting his intent to devise all his real property, shall be construed to pass all the real estate which he was entitled to devise at the time of his death. This changes the common law rule, that a will operates only upon real estate owned by the testator at the time of making the same, the title to which he retained to the time of his decease, and substitutes therefor a more reasonable rule, that when it appears from the will that it was the intention of the testator to dispose of all the real estate owned by him at the time of his death, his will should be effectual for that purpose. The residuary clause expressly disposes of all the testator's real estate not before specifically disposed of. This brings the case within the statute rule. Again, in ascertaining the intention of the testator, the introductory clause of the will may be considered. (*Earl* v. *Grim,* 1 Johns. Chan., 494.) In this case, the testator in that clause, after referring to the uncertainty of human life, says : " And desirous of making a suitable disposition of such worldly property, and estate as I shall leave behind me, have thought proper to make," &c., his last will and testament. This clearly indicates the intention of the testator to make the will speak at the time of his death and to dispose thereby of such property as he might at that time own, whether real or personal. Upon either ground, the disposition of such real estate as he acquired after making the will is devised thereby by virtue of the statute, the same as that owned by him at the time. *Lynes* v. *Townsend* (33, N. Y., 558) is not in conflict with this position. The only point

determined in that case was, that an expression in the clause appointing executors, that he appointed them for the full and final settlement of his estate, whether real or personal, did not indicate an intention that the will should operate upon after-acquired real estate. The testator devised to John Young, an estate for his life in certain specified real estate, and from and after his death, he gave the same in fee to his children. He gave a like estate to Gideon Young, and gave the same in fee after his death to his children. Both John and Gideon died in the lifetime of the testator, leaving no surviving issue. The question is, whether the heirs of the testator take this land on the ground that it was not disposed of by the will, or whether the devises take the same under the residuary clause of the will. This must be determined by the intention of the testator, manifested by the will. The position of the counsel of the appellant, that the heirs take all the real estate of the testator that he has not devised to others, is correct. This results from the law declaring them entitled thereto, in default of such disposition. The residuary clause is as follows: "All the rest, residue and remainder of my property and estate, real and personal, whatsoever and wheresoever situate and not herein and hereby specifically devised or bequeathed, I give, devise and bequeath" to the persons named therein. The counsel for the appellant insist that the lands devised to John and Gideon are not embraced in this clause, for the reason that the testator must have presumed that he had already disposed of the fee therein. To sustain this position the counsel cite *James* v. *James* (4 Paige 115); *Van Kleeck* v. *The Dutch Church* (6 Paige 600); *same case* (20 Wend., 458); *Greene* v. *Dennis* (6 Conn., 292). The point determined in *James* v *James* gives no support to the counsel's position. That point was, that when a testator devised to his wife a house and lot in lieu of dower, and she declined so to accept it, but took her dower in the real estate of the testator, the house and lot passed to the devisees under the residuary clause, and did not descend to the heirs of the testator. What was said in regard to a specific devise

of real estate, which from any cause did not take effect, was obiter. In *Van Kleeck* v. *The Dutch Church*, it was held that land devised to a corporation, which did not take effect, from want of capacity to take, did not pass under the residuary clause, but descended to the heirs. The decree in this case was affirmed upon appeal by the Court for the Correction of Errors. (20 Wend., 458.) The ground upon which the case was decided was that it appeared from the will, that the testator presumed that he had, by the will, disposed of the entire fee, leaving nothing remaining for further disposition, and therefore could not have intended to dispose of any interest in such land by the residuary clause. The opinions show that if the disposition made, had been upon a contingency that might have left an interest undisposed of, such contingent interest would have passed under the residuary clause. The case of *Greene* v. *Dennis* was analogous to *Van Kleeck* v. *The Dutch Church*, and was decided upon the same ground. These cases, if correctly decided, do not determine the present. Here there was a remainder in the lands given to John and Gideon, contingent upon the death of either, leaving no surviving descendants, and this remainder was not disposed of by the will unless under the residuary clause. The residuary clause gives all the real estate not otherwise disposed of, and thus brings this contingent remainder directly within the language of that clause. The presumption is, that the testator understood this, and intended what the language used by him plainly imports. This conclusion is fully sustained by authority. (*Bowers* v. *Smith*, 10 Paige, 193 ; Redfield on Wills, part 2d, 444 ; 1 Jarmin on Wills 590, 591 ; *Doe* v. *Weatherby*, 11 East, 322 ; *Wheeler* v. *Walroone*, Aleyn R., 285.)

The remaining question is, whether, by the will, the personal estate is discharged from the payment of the debts in favor of the legatees, unless the real estate charged with such payment shall prove insufficient for that purpose. By the will the testator gives his personal estate to legatees named therein, and charges the payment of his debts upon certain specified

real estate, and, if that shall prove insufficient, charges his other real estate with such payment; thus manifesting his intention to make his real estate the primary fund for the payment, and to exonerate the personal estate in favor of the legatees thereof. The law will carry this intention into effect, as between the legatees of the personal and the devisees of the real estate. (Williams on Executors, 1542, and cases cited.)

The judgment appealed from must be affirmed.

All concurring,

Judgment affirmed.