(23 Misc. Rep. 705.)

### ADAMS et al. v. ANDERSON et al.

(Supreme Court, Trial Term, Albany County. June, 1898.)

1. DESCENT AND DISTRIBUTION—RIGHTS OF COLLATERAL HEIRS—WILLS—LAPSED DEVISES.

A sister of intestate's mother owned land, which she devised to her brother, with residue to the mother of intestate. The brother died before the mother's sister. A deed conveying the parcel in question, from an heir at law of the mother's sister to intestate, was made. *Held,* that since the brother's death, occurring before that of the sister, caused the devise to go to intestate's mother, as residuary devisee, the grantor in this deed had no interest to convey that would make intestate a purchaser, and defeat descent to collateral heirs on the side of the mother of intestate, under 1 Rev. St. p. 753, §§ 12, 13; there being no direct heirs.

2. SAME—LAND INHERITED BY INTESTATE—SOURCE OF INHERITANCE.

1 Rev. St. p. 753, § 15, providing that, where an inheritance comes to an intestate by descent from an ancestor, all those not of such ancestor's blood shall be excluded, refers to the immediate ancestor of intestate; and where intestate inherited land from his father, which he conveyed to his mother for value, and afterwards inherited from her, the land came to him from his mother, and it descended to his collaterals through the mother, and not through the father.

3. SAME—WHAT CONSTITUTES INHERITANCE—MORTGAGES.

Where an intestate mortgages land inherited from his mother's brother, to pay for land purchased, the proceeds of such mortgage become personalty, and are not affected by 1 Rev. St. p. 753, § 12, which provides that, if an inheritance comes to an intestate through his mother, it shall descend to her heirs; and hence the land so purchased descends according to section 13, which provides that, where land comes through neither father nor mother, it descends equally to the heirs of both,—the term "inheritance" being defined in section 27 to mean real estate.

Action by Mary Parke Adams and others against Ann Augusta Anderson and others for partition. Interlocutory judgment directing the sale of a portion of the parcels of realty described, and division of proceeds among parties entitled thereto. Complaint dismissed as to other parcels.

Gaylord Logan, for plaintiffs.

Dyer & Ten Eyck, for defendants Crosby and Birdseye.

Charles J. Buchanan, James C. Matthews, Amasa J. Parker, Jr., William S. Elmendorf, Scott D. M. Goodwin, Joseph A. Spratt, E. A. Carley, James J. Mahoney, and Edward B. Root, for various defendants.

CHESTER, J. Philip Wendell Parke died intestate May 30, 1895, leaving no widow, father, mother, brothers or sisters, nor any descendants. He left certain collateral relatives of the blood of his father, and others of the blood of his mother. At the time of his death he

owned a considerable quantity of real estate.   The plaintiffs are heirs of the intestate on the side of his father, and have by their complaint sought a partition, or sale and division of the proceeds thereof, among the heirs, regardless of whether the inheritance came to the intestate on the part of his father or of his mother, or by purchase.   The property in question is described in the complaint in 12 separate parcels. The defendants Edward Crosby and his sister, Sarah Elizabeth Birdseye, are the only relatives that the intestate left him surviving of the blood of his mother, and they are both first cousins of the intestate. The defendant Hannah Crosby is the wife of the defendant Edward Wendell Crosby.    All the other parties to the action are interested in the estate on the side of the father of the intestate.    The defendants heretofore mentioned insist that all of the property, except the second piece described in the complaint, came to the intestate on the part of his mother, or from relatives of her blood, and ask that the complaint be dismissed as to all the property except that.   It is not disputed that parcel 2 came to the intestate on the part of his father, and descends, under the statute, to the heirs on his side.    Statute of Descents (1 Rev. St. p. 752, §§ 7–12, inclusive; Laws 1896, c. 547, §§ 280, 288).    Without taking time to review the evidence, I think it is entirely clear therefrom that parcels Nos. 1, 3, 4, 5, 6, 7, 8, 9, and 11 came to the intestate on the part of his mother, or of relatives of her blood, and descend, under the statute, to the heirs on the mother's side; that is, to the defendants above named.    Parcels 10 and 12 did not come to the intestate from either parent, but were purchased by him, and therefore descend to his heirs at law on both sides, in equal shares on each side, as provided by the statute.   1 Rev. St. p. 753, § 13.    The conclusions above stated, as to all the parcels except Nos. 5, 11, and 12, seem to me too plain to require any discussion.    A brief statement of the reasons for my conclusions as to the excepted parcels will be added:

With respect to parcel 5, it appears that it came to the intestate by devise,—one-half thereof from his mother, and the other half thereof from his mother's brother, Philip Wendell, the latter of whom owned an undivided one-fourth interest therein by devise from his father, and another undivided one-fourth interest therein by purchase from a sister.    Another sister, Elizabeth, owned an undivided one-fourth interest therein.    She left a will containing a clause devising her interest to her brother, Philip Wendell, and another clause devising the residue of her estate to her sister Harriet Wendell Parke, the mother of Philip Wendell Parke.    Philip Wendell died before his sister Elizabeth.    On the trial a deed was received in evidence from Eunice Crosby, one of the heirs at law of her sister Elizabeth Wendell, to Philip Wendell Parke, dated January 30, 1880, which purports to convey the property in question.    The grantor, however, in this deed, had no interest in or title to this property, for the reason that upon the death of Philip Wendell, prior to the death of his sister Elizabeth, the real estate devised to him did not become realty undisposed of by her will, which went to her heirs; but it was a lapsed devise, which fell into the residuum of the estate, and went to Harriet Wendell Parke, the residuary devisee named in the will.    Youngs v. Youngs,

45 N. Y. 254; Cruikshank v. Home for the Friendless, 113 N. Y. 337, at page 353, 21 N. E. 64. The deed from Mrs. Crosby therefore did not make Philip Wendell Parke a purchaser of the interest purporting to be conveyed thereby, and notwithstanding the deed the inheritance in question came to the intestate by devise from his mother and her brother, as above stated.

With respect to parcel No. 11, it appears that Philip Wendell Parke received it by devise from his mother; he having conveyed it to her by deed in 1877, for a valuable consideration. It also appears, with reference to this property, that it first came to the intestate by descent from his father; but that fact is not material upon the issues presented here, for the reason that subsequent to that time the intestate conveyed it to his mother, as above stated, for a valuable consideration, and thereafter received it by devise under her will, and for the further reason that the statute of descents, which provides that in case an inheritance comes to an intestate by descent, devise, or gift from one of his ancestors, all those not of the blood of such ancestor shall be excluded from such inheritance, refers to the immediate ancestor from whom the intestate received the inheritance, and not a remote ancestor who was the original source of title. Wheeler v. Clutterbuck, 52 N. Y. 67.

Parcel No. 12 was purchased by Philip Wendell Parke, the intestate, in 1892, at a referee's sale, and was conveyed to him by the referee for a consideration of $12,100. On the trial testimony was received to the effect that $9,000 of the money used in this purchase was raised by Parke by mortgaging parcel No. 1; and it is urged, therefore, by counsel for the defendants Crosby and Birdseye, that, because the latter parcel came to the intestate by devise from his mother's brother, parcel No. 12, to the extent of the $9,000, should still be regarded as property which came to the intestate on the part of his mother, or of a relative of her blood, or, if this contention is not upheld, that the court should enforce an equitable lien in favor of said defendants, to the extent of this $9,000, upon the property so purchased. I do not think either view can be sustained, under the law. The statute of descents, after providing that "the inheritance, if the same shall have come to the intestate on the part of his father, shall descend" to the heirs of the father, and that, "where the inheritance shall have come to the intestate on the part of his mother," it shall descend to the heirs of the mother, provides that "in cases where the inheritance has not come to the intestate on the part of either the father or mother, the inheritance shall descend to the brothers and sisters, both of the father and mother of the intestate, in equal shares, and to their descendants, in the same manner as if all such brothers and sisters had been the brother and sisters of the intestate." 1 Rev. St. pp. 752, 753, §§ 10, 12, 13. After defining the term "real estate," the statute provides that "the term 'inheritance' as used in this chapter shall be understood to mean real estate, as herein defined, descended according to the provisions of this chapter" (Id. p. 755, § 27), and that "the expressions used in this chapter 'where the estate shall have come to the intestate, on the part of the father' or 'mother,' as the case may be, shall be construed to include every case where the inheritance shall have come to the

intestate, by devise, gift or descent from the parent referred to, or from any relative of the blood of such parent" (Id. § 29). Also, see Laws 1896, c. 547, §§ 280–288. It is entirely clear that the property in question did not come to the intestate by devise, gift, or descent from his mother, or from any relative of her blood, but did come to him by purchase from a stranger to the blood; and it also seems to me clear that the real estate in question (that is, the inheritance, as above defined), not having come to the intestate on the part of either his father or mother, descends, as provided in section 13, above referred to, to the heirs of both the father and mother, in equal shares, as provided in that section. It is true that when the mortgage was placed on parcel No. 1 that inheritance was lessened to the extent of the mortgage thereon, and the intestate's interest on that real estate was diminished to the same extent, yet when he received the $9,000 upon the mortgage the money was personal property, no longer subject to the statute of descents, but to the statute of distributions; and if he had died intestate, with that money in his hands, it would have gone to his administrator, and not to his heirs. Denham v. Cornell, 67 N. Y. 556. And when this $9,000 of value had been so converted into personalty, and therefore had ceased to be subject to the statute of descents, the use of it as a part of the purchase price of parcel 12 had no other effect, in my opinion, on the title of that parcel, as related to the statute of descents, than the use of any other money for that purpose would have had. Champlin v. Baldwin, 1 Paige, 562. There is, of course, much equity in the contention of these defendants, but nevertheless the well-known maxim that equity follows the law applies; and, no matter how strong the equity, where the law is clear, and fixes the rule of descent, as I think it does in this case, against the contentions of these defendants, the rule of law must govern, notwithstanding the equity.

I conclude that there should be an interlocutory judgment, in the usual form, directing a sale of parcels 2, 10, and 12, and a division of the proceeds among the parties entitled thereto in accordance with their respective interests, after paying the costs and expenses of the action, and that the complaint should be dismissed as to all the other parcels described therein, as the defendants Crosby and Birdseye are the absolute owners thereof. I suppose, more properly, the complaint should be dismissed as to parcel 2, also, as the defendants Crosby and Birdseye have no interest therein; but as that property is of such small value as to hardly justify the expenses of a separate action for its partition, and all the parties interested therein are in court, and have made no objection to its being sold in this action, that course may be taken. I have not assumed to state the fractional interests of the parties in the property directed to be sold, as I understand there is no dispute as to the degree of relationship of any of them to the intestate. If there is any dispute as to any of their interests, that will be determined upon the settlement of the decree. Findings and decree may be prepared in harmony with this opinion; the decree to be settled on two days' notice. The question of costs will be disposed of in the final decree.