(31 Misc. Rep. 282.)

### GALLAVAN v. GALLAVAN et al.

(Supreme Court, Trial Term, Chemung County. March 31, 1900.)

WILL—VOID DEVISES—RESIDUARY CLAUSE.

    2 Rev. St. (Banks' 9th Ed.) p. 1876, § 5, provides that every will of all of a testator's real estate, denoting testator's intent to devise all his real property, shall be construed to pass all his real estate which he was entitled to devise at his death. Testator made certain devises, which were void for indefiniteness, and devised "all the rest, residue, and remainder" of his property, both real and personal, to two children in fee forever. *Held*, that the land covered by the void devises passed under the residuary clause to the two devisees named therein, and not to testator's heirs at law.

Partition by Matthew Gallavan against John Gallavan and others. Demurrer to plaintiff's complaint. Sustained.

Reynolds, Stanchfield & Collin, for plaintiff.
A. C. & J. P. Eustace, for defendants James and Kate Gallavan.

FORBES, J. This action is for partition, seeking the sale of three certain parcels of land described in the last will and testament of James Gallavan, deceased. The parties to the action are the heirs at law and next of kin of the testator. By the last will and testament of said testator he sought to devise certain lands described in the complaint. Under the second clause of said will Kate Gallavan was given the land and building known as "No. 377 Railroad Avenue, Elmira, N. Y.," and also the piece of land situate on "Mt. Zoar St., on the north side thereof, which the testator bought of Conley, in fee forever." So far as the provisions of said will relate to this action, they read as follows:

"Third. I give and devise to my son John Gallavan one lot, fifty feet front, off the piece of land owned by me and situate on Mt. Zoar St., west of the Conley lot. Fourth. I give and bequeath to my son Matthew Gallavan one lot, fifty feet front, off the same piece mentioned in the last devise. Fifth. I give and bequeath to my daughter Mrs. Dennis Demsey one lot of fifty feet front off the same piece mentioned in the last two devises."

The seventh and last clause of said will reads as follows:

"Seventh, and lastly. I give, bequeath, and devise to my son James Gallavan and my daughter Kate Gallavan all the rest, residue, and remainder of my property, both real and personal, in fee forever, in equal shares, share and share alike."

James Gallavan was appointed the executor of said will. It is conceded by both sets of attorneys in said action that the three devises

first mentioned herein are absolutely void under said will. The only question to be decided is whether the several parcels of land referred to in said devises pass to the heirs at law as though no will had been made, or whether they fall into the residuary clause; the title passing to James and Kate Gallavan, who take the residue, both real and personal. After a careful review of all of the authorities cited, I am convinced that the intention of the testator was to dispose of all his estate, and that the unfortunate wording of the three devises referred to renders them void in law; and, unless they pass into the residuum, then the testator died intestate as to this portion of his estate. The earlier authorities, before the amendment of the Revised Statutes, undoubtedly strongly favored the passing of void and indefinite devises to the heirs at law; holding that as to such clauses the ancestor had failed to make a valid will. This position is clearly shown by the cases of Van Kleeck v. Ministers, etc., 20 Wend. 457; Beekman v. People, 27 Barb. 260; Betts v. Betts, 4 Abb. N. C. 317, at page 417; Downing v. Marshall, 23 N. Y. 366; Ger. Real Est. (2d Ed.) 362, and cases there cited. I think all of the later authorities in our court of appeals stand opposed to the doctrine sought to be maintained by the plaintiff. As the law now stands, there is no distinction made between bequests and devises, and uncertain or void devises fall into the residuum. 2 Rev. St. p. 57, § 5; Youngs v. Youngs, 45 N. Y. 254; Kerr v. Dougherty, 79 N. Y. 346; Cruikshank v. Home for Friendless, 113 N. Y. 337, 21 N. E. 64, 4 L. R. A. 140. In many of the recent cases the courts seem to have taken the view of favoring a construction that will prevent partial intestacy, rather than one which will permit it. Kerr v. Dougherty, 79 N. Y. 327; Lamb v. Lamb, 131 N. Y. 227, 30 N. E. 133; In re Miner's Will, 146 N. Y. 121, 40 N. E. 788; Johnson v. Brasington, 156 N. Y. 181, 50 N. E. 859, and cases there cited. In the case at bar the contention is that the will is void for indefiniteness of description, and uncertainty in pointing out specifically the land devised. The present doctrine in relation to lapsed and void devises was discussed in Kerr v. Dougherty, 79 N. Y. 327. This was followed more fully, and in point, I think, in Floyd v. Carow, 88 N. Y. 560. This authority holds as follows:

"A general residuary devise carries every real interest of the testator, whether known or unknown, immediate or remote, unless it is manifestly excluded. The intention to include is presumed, and an intention to exclude must appear from other parts of the will, or the residuary legatee will take."

The same doctrine is held in Re Benson, 96 N. Y. 499, with reference to bequests. See, also, In re Bonnet's Estate, 113 N. Y. 522, 21 N. E. 139; Lamb v. Lamb, 131 N. Y. 227, 30 N. E. 133; Smith v. Smith, 141 N. Y. 29, 35 N. E. 1075; Carter v. Board, 144 N. Y. 621, 39 N. E. 628; In re Miner's Will, 146 N. Y. 121, 40 N. E. 788; In re Allen, 151 N. Y. 243, 45 N. E. 554. This last case holds that any part of the testator's estate, not legally disposed of, becomes a part of the residuary estate, and passes under the residuary clause, embracing both real and personal property, in the absence of a contrary intention found in the will. In this case there was a devise of real estate.

In the case of Morton v. Woodbury, 153 N. Y. 243, 47 N. E. 283, Martin, J., writing the opinion of the court, carefully reviews the authorities, and holds as follows:

"No particular mode of expression is necessary to constitute a residuary legatee. It is sufficient if the intention of the testator be plainly expressed in the will that the surplus of his estate, after the payment of debts and legacies, shall be taken by a person there designated."

He also quotes this significant language, found in Beekman v. People, 27 Barb., at page 252:

" 'Residue' means all of which no effectual disposition is made by the will," and then adds, "Other than [by] the residuary clause."

2 Rev. St. (Banks' 9th Ed.) p. 1876, reads as follows:

"Sec. 5. Every will that shall be made by a testator, in express terms, of all his real estate, or in any other terms denoting his intent to devise all his real property, shall be construed to pass all his real estate, which he was entitled to devise, at the time of his death."

This action, in its present form, cannot be maintained. The demurrer must, therefore, be sustained, with costs to the defendant. Findings of fact and conclusions of law may be drawn, with a decision in accordance with these conclusions.