HERMAN F. EBERTS, WILLIAM H. EBERTS, MARIE LOUISE EBERTS AND JOHN MELDRUM EBERTS BY MATILDA J. EBERTS, HIS NEXT FRIEND v. CHARLES H. EBERTS, WILLIAM EBERTS, NANCY WADDELL, HENRY EBERTS, FRANCES SMITH, AARON C. FISHER, AND AARON C. FISHER AND JOHN H. VAN SCHAICK, EXECUTORS, JOSEPH M. EBERTS, JAMES J. ROBERTSON, ALEXANDER R. ROBERTSON, ELIZABETH E. MORRISON, MARGARET H. BROWN AND MARY ELLEN ROBERTSON.

*Wills—Construction.*

A testator devised property "to the surviving children of [her] brothers." *Held* that she meant those surviving at her death, and not those who were alive when the will was made.

Parol evidence of the circumstances in view of which a will was made, is admissible as tending to show the testator's intent; but general rules of construction should not be set aside on extrinsic evidence unless it proves that they do not express his intent.

Appeal from Wayne. Submitted October 22, 1879. Decided January 13, 1880.

BILL to obtain a judicial construction of a will. The case is stated in the dissenting opinion of Mr. Justice GRAVES. Complainants appeal.

*Alfred Russell* for complainant. A will speaks from the death of the testator, and its language must be regarded as used with reference thereto, 1 Redf. Wills, 379, 386; *Cresson's Appeal*, 76 Penn. St., 19; *Kinney v. Kinney*, 34 Mich., 255; and when a class of persons is pointed out to receive a legacy, those take who constitute the class when the will takes effect (1 Redf. Wills, 356, n.: 2 id., 10; 1 Jarman on Wills, 306-7; *Campbell v. Rawdon*, 18 N. Y., 412) unless a contrary intent appears in the language as applied to the subject matter and the circumstances, 1 Redf. Wills, 433; words of survivorship are to be referred to the testator's death or the period

of demise or enjoyment, unless the contrary intent is specially indicated, 2 Redf. Wills, 372; *Shoppert v. Gillam*, 6 Rich. Eq., 83; *Martin v. Kirby*, 11 Gratt, 67; *Sinton v. Boyd*, 19 Ohio St., 30; *Shotts v. Poe*, 47 Md., 513; *Brown v. Bigg*, 7 Ves., 279; *Long v. Prigg*, 8 B. & C., 231; *Hansford v. Elliott*, 9 Leigh, 79; *Whitney v. Whitney*, 45 N. H., 311; plain and unambiguous words must govern in construction and are not to be controlled by conjectural constructions growing out of the situation of the testator, his property or family, *Chrystie v. Phyfe*, 19 N. Y., 344; the words used must have their legal meaning unless it is clear that they were used differently, *Myers v. Eddy*, 47 Barb., 263; *Hone v. Van Schaick*, 3 N. Y., 538; *Roosevelt v. Thurman*, 1 Johns. Ch., 220; *Grandy v. Sawyer*, Phill. Eq. (N. C.), 8; *Clark v. Mosely*, 1 Rich. Eq. (S. C.), 396; the intention must be gathered from the will, *Brownfield v. Wilson*, 78 Ill., 467; *Asay v. Hoover*, 5 Penn. St., 21, and parol evidence is admissible to prove it, *Gilliam v. Brown*, 43 Miss., 641.

*John H. Bissell* and *Sidney D. Miller* for defendant Joseph M. Eberts, and *William E. Baubie* and *J. Logan Chipman* for defendants Robertson, Morrison and Brown. The words "or the survivor of them," in naming legatees, have been held overcome by the addition of "their heirs and assigns forever," the policy of the law being against the *jus accrescendi*, *Branson v. Hill*, 31 Md., 181; and the words "in equal proportions" negative the idea of survivorship as between those named, *Mowatt v. Carow*, 7 Paige, 340; Comp. L., § 4349 provides that children of a devisee related to the testator, and who dies before him, shall take the estate unless the will provides otherwise; this statute is substantially the same as that of Massachusetts, Gen. Stats., ch. 92, § 28, which is construed by *Fisher v. Hill*, 7 Mass., 86; *Ballard v. Ballard*, 18 Pick., 41; *Prescott v. Prescott*, 7 Met., 141; *Paine v. Prentiss*, 5 Met., 396; *Hooper v. Hooper*, 9 Cush., 122; *Esty v. Clark*, 101 Mass., 36; *Moore v. Weaver*, 16 Gray,

305; *Kimball v. Story*, 108 Mass., 382; see *Moore v. Dimond*, 5 R. I., 121; the word "children" will not be converted into a word of limitation except to carry out the testator's express intent, *Murphy v. Harvey*, 4 Edw. Ch., 131.

COOLEY, J.   It is conceded by counsel for defendant Joseph M. Eberts that the general rule of construction of wills requires the words "surviving children" to be interpreted as intending only those who were surviving at the death of the testatrix. Indeed the cases of *Hansford v. Elliott*, 9 Leigh, 79, and *Martin v. Kirby*, 11 Gratt., 67, upon opinions in which some reliance is placed by them, fully recognize this rule, and it is not questioned anywhere.

But it is said that this is merely a general rule, and in any particular case parol evidence of the circumstances under which the will was executed may be received to show that such was not the testatrix's intent. We concede that the surrounding circumstances may be shown, and that sometimes they are very conclusive that the intent was different from what might be inferred from the language of the will interpreted without the aid of any extrinsic evidence.

But in this case the parol evidence merely showed that there was a class of persons answering the description of surviving children of her brothers at the time the will was made, and also a class answering the same description, but less numerous at the time of the testatrix's death. But whether she intended the one or the other, was left on the evidence wholly to conjecture. We may guess that she meant those who answered the description when the will was made; but the extraneous evidence brings into the case no element of certainty whatever, and a construction to that effect must be based upon inference and conjecture.

We are not at all inclined to follow arbitrary rules of construction to the overturning of a testator's real

intent; but the rule that makes a will speak from the testator's death is neither arbitrary nor unreasonable; and there cannot be the least doubt that in the large majority of cases it corresponds to the actual intent. It thus becomes a rule of property, and should not be set aside on extrinsic evidence in any case unless the court, on placing itself in the position occupied by the testator at the time he made the will, can clearly see that such was not his meaning. We cannot say that such is the case here.

The statute (Comp. L., § 4349), on which some reliance is placed, cannot help this. defendant. When we find that the will only makes the gift to persons who survived the testatrix, there is nothing to go to the issue of others who died before she did.

The decree must be modified to conform to this view.

MARSTON, C. J., and CAMPBELL, J., concurred.

GRAVES, J. (dissenting). This case comes up on appeal from a decree in chancery given to declare the meaning of a devise contained in the will of Phillis Eberts, late of Chatham, in Canada. The devise in question, which is preceded by a number of gifts, is in these terms:

"The property situated in the city of Detroit, State of Michigan, under lease to Messrs. Fisher, I give and bequeath to the *surviving* children of my brothers Robert M. Eberts, Joseph Eberts, and Richard Eberts, in equal proportions."

At the date of the will the brothers of the testatrix had been dead many years, but a son of Richard and several children of each of the other two were living. In the interval of a little less than two years between the making of the will and the testatrix's death, Walter Eberts and Effie Robertson, two of the children of the testatrix's brother Joseph, also died, the former leaving a son, Joseph M., and the latter several children.

The validity of the devise is not in question, but the controversy arises on the meaning of the word "surviving," which cannot be set aside and must be interpreted.

Notwithstanding the ability with which the case has been presented, my mind has fluctuated as I have examined and re-examined the record and explored the authorities. At length, however, I have reached a conclusion, and feel satisfied it accords with what the testatrix actually intended.

It must ever be the aim to ascertain what mind the author of the will had at the time of executing it, and in order to secure safe guides and methods in prosecuting the inquiry, the law has suggested various rules and recognized certain maxims and principles of reasoning to be resorted to and applied according to the nature of the case. In view of their facility, it is reasonable to exercise caution to avoid their possible misuse. A given rule may be applied in the wrong place, or it may be applied beyond its reason.

Formerly the court of chancery, finding no other period to which the term could be applied, and wishing to favor the vesting of the interest on the ceasing of the testator to hold it, was inclined to the view that the word "surviving" should be referred to the testator's death. But the rule was never universal, and the modern tendency of judicial opinion is to pay less attention to it, and with or without the light of admissible extrinsic facts, examine the whole will in order to lay bare the true intent. Undoubtedly the word must have some meaning and hence must be referred to some date, and in the absence of anything to fix the expression and apply it in some other sense equally good or better, it must be held to signify surviving at the death of the testatrix. The result follows as a necessary one. But this signification is not one which in this case satisfies the mind. It is not the sense which spontaneously occurs, or which impresses one as the sense intended by the testatrix. It is impossible to avoid feeling that it is merely an imputed sense—an artificial meaning which the testatrix never conceived.

Every testamentary gift necessarily implies that the

donee is to take after and not before the donor's death; and hence, that the donee is to survive the donor. And the effect cannot be increased by saying in the will that it shall only operate from the testator's death, and shall transfer interests to those only who shall survive him. Unless therefore the case imperatively demands it, there is strong reason for declining to hold that the testatrix, in using the words "surviving children" intended children surviving herself. Still if no other period is legitimately pointed out to which the expression can be referred, then the principle must prevail that all the words of the testatrix are to be taken as having some meaning, and the language must be applied to her death. But there is sufficient to relieve the case from this extreme resort. Another time is denoted fully and positively, and the effect is to enable the language to have real efficacy, and to secure an application qualified to satisfy all requirements. It is brought out by evidence, and against which there is no valid ground of objection. The proof alluded to is of changes which had occurred before the making of the will, in the families of the three brothers, and of which changes the testatrix was cognizant, and with reference to which she is to be taken to have framed the will. Wharton's Ev., § 998 and notes; see also *Neathway v. Reed*, 3 De Gex, M. & G., 18 : 17 E. L. & E., 150.

The fact is conclusively shown that prior to the will the three brothers and a number of their children had died, and that the testatrix knew it. The devise must be read in the light of this state of things, and so reading it a perfect occasion is supplied for the word "surviving." The testatrix is mentally discriminating the objects of her bounty, and apportioning among them the bounty itself. She comes to this lot in Detroit and decides to bestow it in the interest, as she regards it, of her three brothers. She takes account that they are dead, and then that several of their children are dead likewise, and thereupon, speaking in the present tense, she says : "I give this property to the 'surviving children' of

my brothers Robert M. Eberts, Joseph Eberts and Richard Eberts, in equal ·proportion." Had she introduced into the will these outlying facts to which she had reference—had she said there, in substance, "my brothers Robert M. Eberts, Joseph Eberts and Richard Eberts, being dead, and a portion of their children having died, I give to the 'surviving children' of my said brothers," etc.—it must have had effect as a controlling explanation. The court must have held that the testatrix was referring to the state of things existing at the time, and that she meant those of her brothers' children who were then their "surviving children," and not those who might be their surviving children at an indefinite future time. *Wordsworth v. Wood*, 1 H. L. Cases, 129.

Now the difference between the case here supposed and the case presented is not a difference of principle. The only distinction is that in one case the surrounding explanatory facts are found written in the instrument, and in the other are shown by extrinsic evidence. And since the law allows these facts to be brought forward by outside evidence, and for the very purpose of enabling the court to read the expression "surviving children" in the sense in which the testatrix used it, the effect upon construction must be exactly what it would be if the will itself contained the evidence. In reaching this conclusion the proof of declarations by the testatrix, and the hearsay and traditionary account concerning the ownership of the lot, are wholly excluded.

The remaining point may be disposed of briefly. The opinion already expressed goes far to dispose of it. The question is whether the devise as respects the two children of Joseph, Walter and Effie, who died in the testatrix's life-time, became wholly ineffective, or whether the interest the testatrix carved out for them by it passed to their issue by force of the statute at her death.

The general rule of law is admitted that in case the devisee dies in the testator's life-time the devise lapses

and affords no ground in which an interest can take root. But the statute creates an exception, and the final inquiry is whether the case comes within it.

The section is as follows:

"When a devise or legacy shall be made to any child or other relation of the testator, and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will, in the same manner as the devisee or legatee would have done if he had survived the testator; unless a different disposition shall be made or directed by the will." Comp. L., § 4349.

As I view it the case is covered by this provision. Walter Eberts and Effie Robertson were relations of the testatrix, and they left issue who survived her. All the required conditions are present. The word "children" is a proper term by which to designate persons who are to take as devisees, and the word "surviving" which the testatrix joined with it, caused no obscurity or want of certainty when read in the sense in which she used it. The effect was to denote at once the respective objects of the gift, and to exclude the idea of a bounty floating to await the ascertainment of its individual recipients.

The very persons intended were as certainly identified as they would have been had the testatrix supplemented her description by the mention of the respective names, and Walter Eberts and Effie Robertson were included. She did not leave the exact cast of the individuals she willed to be takers, to the accidents of life or to any future time or contingency. It was not in her mind to so shape her will in regard to this lot that at her death the whole might go to any very small number of the children of her brothers, or possibly to one alone, or in a given contingency fall to others, however distant, who might be her lawful heirs. The persons to be devisees were pointed out when the will was made. Hence the case is not analogous to one where the objects are left uncertain, as for example where the gift is to such mem-

bers of a class as shall be living at the death of the donor. Then the gift is a float until the arrival of the specified event, and it is not previously known in whose favor it can have effect. No given individual is devisee or legatee as yet.

The mere circumstance that those mentioned as devisees composed a numerous body, is not perceived to be of any importance. The statute seems to be just as applicable in terms and spirit to such a case as to one where the gift is to a single individual, and such I gather from the report is the opinion of the Supreme Court of Massachusetts in *Ballard v. Ballard*, 18 Pick., 41.

The result, upon the view here taken, is that the decree below should be affirmed; but this is only my own judgment. My brethren apply a principle which leads to an opposite determination, and one that defeats, as I believe, the real intent of the testatrix. I think the case is fairly exempt from the rule relied on, and that lawful means are given for ascertaining and respecting the actual meaning of the testatrix, apart from a mere artificial construction of a single expression.

I accordingly dissent from the judgment of the court.