In the Matter of the Judicial Settlement of the Accounts of NORMAN M. ALLEN, as Executor, etc., of NORMAN HOWARD, Deceased.

HENRY MILKS, Appellant and Respondent; CHARLOTTE KAVANAUGH, Respondent and Appellant.

1. WILL — CONTINGENT DEVISE TO A CLASS. The general rule is that a future and contingent devise or bequest to a class takes effect on the happening of the contingency on which the limitation depends only in favor of those objects who at that time come within the description.

2. DEVISE CONSTRUED. A will stated that, in a certain contingency, the residuary estate should, on the death of the testator's wife, "descend to my sisters and their heirs and assigns, and to the children of my deceased brother, and their heirs and assigns. The children of any of my sisters or of my brother are only to receive the same share that my brother or sisters would receive if they were living at the decease of my said wife." A sister of the testator had died before the making of the will. Held, that a child of such deceased sister was not included in the devise, and, hence, was not entitled to share in the residuary estate.

3. RESIDUARY ESTATE. Any part of a testator's estate not legally disposed of becomes a part of the residuary estate and passes under a residuary clause embracing both real and personal property, in the absence of a contrary intention found in the will.

Matter of Allen, 81 Hun, 91, affirmed.

(Submitted December 9, 1896; decided December 22, 1896.)

APPEALS from a judgment of the General Term of the Supreme Court in the fifth judicial department, entered November 12, 1894, which modified and as modified affirmed a decree of the Surrogate's Court of the county of Cattaraugus.

Norman Howard died at the town of Dayton, Cattaraugus county, on or about the 12th day of March, 1866, leaving no children or lineal descendants, and leaving a will dated March 10th, 1866, which was admitted to probate by the surrogate of Cattaraugus county April 3rd, 1866.

Testator left him surviving, his widow, Betsey Howard, his father, Harry, and mother, Delilah Howard ; at the time of the execution of the said will and the death of the testator, he had three sisters living, Charlotte Kavanaugh, Emeline Parsell and Harriet Parsell.   Another sister, Amanda Milks, died several years prior to the death of the testator, leaving a son, Henry Milks, who still survives and who is the only heir of the said Amanda Milks, deceased ; Alexander Howard, a brother of the testator, also died before the testator's death, leaving three children, William Howard, James E. Howard and Amanda D. Countryman, all of whom are now living and are the only heirs of the said Alexander Howard, deceased ; testator's two sisters, Charlotte Kavanaugh and Emeline Parsell, still survive; the other sister, Harriet Parsell, died April 15th, 1869, leaving her surviving her husband, who is now deceased, and two sons, George Parsell, who is now deceased without issue, and Frank Parsell, who still survives and is the only heir of the said Harriet Parsell, deceased ; Harry Howard, the father of the testator, died May 12th, 1881 ; Delilah Howard, the mother of the testator, died in the month of August, 1888, and Betsey Howard, his widow, died on the 21st day of July, 1890.

By the terms of his said will the testator bequeathed all his personal property to his widow, absolutely, and also gave and bequeathed to her the use and income of all his real estate, and the income accruing from the investment of the proceeds of sale of such real estate, in case a sale should be made during her lifetime, but provided that in case of her remarriage

she should be entitled to only one-half of such use, avails and income after such remarriage. Testator designated and appointed Norman M. Allen as the executor, and the said widow, Betsey Howard, as the executrix of said will, and authorized and empowered them to sell and convey said real estate when they should deem it for the best interest of the said estate so to do.

Testator bequeathed to his cousin, Daniel Howard, a claim or demand which testator held against him of about $175; he also bequeathed at the death of his said wife, Betsey, the sum of five hundred dollars to his nephew, Arthur Hull, the same amount to Frederick Milks, the son of said Henry Milks, and the sum of one thousand dollars to the children of his deceased brother, Alexander Howard. After such bequests, the said will further provides as follows:

"*Seventh.* At the decease of my said wife, all the rest, residue and remainder of my said estate, after paying the bequests before made, shall descend to my father, Harry Howard, if he shall then be living, and if he shall not be living at the time of the decease of my said wife, then the same shall descend to my mother, Delilah Howard, if she shall then be living, and if she shall not then be living, then the same shall descend to my sisters and their heirs and assigns, and to the children of my deceased brother, and their heirs and assigns. The children of any of my sisters or of my brother are only to receive the same share that my brother or sisters would receive if they were living at the decease of my said wife."

The said widow, Betsey Howard, remarried in about one year after the death of the testator, and after such remarriage, and within about two years from the testator's death, the said executor and executrix, under the power given them in the said will, sold all of the real estate of which the testator died seized, and converted the same into money and securities.

Two questions are presented on this appeal: *First.* Whether, under the 7th provision of the will, Henry Milks, the son of Amanda Milks, a sister of the testator, is entitled to take under that provision; and, *second*, whether the sum of $619.35,

which represents in part the income which accrued after the marriage of the widow, Betsey Howard, and prior to her death, on the one-half of the estate, and to which the widow was not entitled, belonged to the estate of Harry Howard, the father of the testator, and his heir at law, or went into the residue and passed under the 7th provision of the will. The surrogate decided that, under the 7th provision, Henry Milks took, on the death of the widow, the one-fifth part of the residue, and that the sum of $619.35, the income above mentioned, fell into the residue and was distributable under the 7th provision. The General Term on appeal reversed the decision of the surrogate as to the first question, and in other respects affirmed his decree.

*Henderson & Wentworth* for Henry Milks, appellant and respondent. The decree of the surrogate should be affirmed. (*Ritch* v. *Hawxhurst*, 114 N. Y. 512 ; *In re Lee*, 141 N. Y. 58.) The burden is upon those contesting Henry Milks' asserted right to take under the will, to show his disinheritance. (*Low* v. *Harmony*, 72 N. Y. 408 ; *In re Brown*, 93 N. Y. 299 ; *Scott* v. *Guernsey*, 48 N. Y. 106.) The period of division and enjoyment of the fund is the time of the death of Betsey Howard, the wife of the testator. (*Teed* v. *Morton*, 60 N. Y. 506 ; *Delaney* v. *McCormack*, 88 N. Y. 183 ; *Bowditch* v. *Ayrault*, 43 N. Y. S. R. 583.) The share which any of the children of the deceased brother or the deceased sisters take in the fund, they do not take as representatives by way of substitution, but as primary legatees. (2 Jarman on Wills, 775 ; *In re Crawford*, 113 N. Y. 374 ; *Teed* v. *Morton*, 60 N. Y. 502.)

*Jas. E. Bixby* for Charlotte Kavanaugh, respondent and appellant. The decree of the surrogate is erroneous as to the sum of $619.35, paid to Emeline Parsell. (*In re Benson*, 96 N. Y. 499 ; *Riker* v. *Cornwell*, 113 N. Y. 115 ; *Hobson* v. *Hale*, 95 N. Y. 605, 606 ; *Harris* v. *Clark*, 7 N. Y. 242 ; *C. L. N. Co.* v. *K. N. Co.*, 37 Hun, 13.) The language of

the seventh clause of the will evidences an intent on the part of the testator not to include Henry Milks within its provisions. ( *Van Beuren* v. *Dash,* 30 N. Y. 394; *Thurber* v. *Chambers,* 66 N. Y. 42; 2 R. S. chap. 6, art. 3, § 52; 1 Jarman on Wills, 320 ; *In re Woodward,* 117 N. Y. 522.)

ANDREWS, Ch. J.   The devise of the residuary estate to the sisters and to the children of the brother of the testator, in the seventh provision of the will, was contingent upon the death of the father and mother of the testator before the death of his widow.   It was only upon the happening of both of these events before her death that the devise to them was to take effect.   The father and mother both died after the testator's death and before the death of his widow, and she having subsequently died the main question is whether Henry Milks, the son of the testator's deceased sister Amanda, who died before the will was made, is entitled to share in the residue. The material words of the seventh provision are, " shall descend to my sisters, and their heirs and assigns, and to the children of my deceased brother, and their heirs and assigns. The children of any of my sisters or of my brother are only to receive the same share that my brother or sisters would receive if they were living at the decease of my said wife."

This is the case of a devise to a class of persons consisting of the sisters of the testator and the children of his deceased brother, and it is the general rule of construction that a future and contingent devise or bequest to a class takes effect on the happening of the contingency on which the limitation depends only in favor of those objects who at that time come within the description.   (*Doe, L. of Stewart,* v. *Sheffield,* 13 East, 526; 1 Jarman on Wills [5th ed.], 341; *Goebel* v. *Wolf,* 113 N. Y. 411.)

The only words of direct devise in the clause quoted are contained in the first paragraph, and if that stood alone, there could be no reasonable doubt that the son of the testator's deceased sister Amanda was not included.   The words " to my sisters and their heirs and assigns and to the children of my deceased

brother and their heirs and assigns," by natural construction embraced only the testator's living sisters and the children of his deceased brother. The words "and their heirs" are words of inheritance inserted for greater precaution to define the extent of the estate devised, and not to qualify the interest of the devisees. In other words, they are terms of limitation and not of purchase. (*Thurber* v. *Chambers*, 66 N. Y. 42.)

The second paragraph above quoted is relied upon as extending the classes described in the first paragraph, so as to embrace the son of the testator's deceased sister Amanda. It is to be observed that if the testator had intended that the son of Amanda should share in the residue, it was a very simple matter to have so declared, as he had done in respect to the children of his deceased brother. He had not overlooked the fact that his deceased sister Amanda had a son living. He gave a legacy to his grandnephew, the son of Henry Milks, and direct legacies to his other nephews and nieces. The apparent purpose of the second paragraph of the seventh provision of the will above quoted was to provide for the case of the death of any of his sisters, devisees under the first paragraph, intermediate his death and the vesting of the devise, by substituting their children in place of the deceased parent, and to declare that children entitled to take should take *per stirpes*. It may be possible that the testator's nephew, Henry Milks, is, by this construction of the will, excluded contrary to the testator's intention. But the language of the will does not include him among the objects of the testator's bounty, and no intention to include him can be inferred from any circumstances in the case. All the persons in interest are collateral relatives, and a choice by a testator between collateral relatives is not repugnant to natural instincts to any such extent as in the case of immediate lineal descendants. We concur in the view of the General Term as to the true construction of the seventh provision of the will.

Nor was there any error in the decree of the surrogate adjudging that the income of one-half of the estate accru-

ing between the remarriage of testator's widow and her death, fell into the residue. This part of the income was undisposed of and the rule is now the same as respects devises and bequests, that any part of the estate not legally disposed of becomes a part of the residuary estate and passes under a residuary clause embracing both real and personal property, in the absence of a contrary intention found in the will. (*Youngs* v. *Youngs,* 45 N. Y. 254; *Cruikshank* v. *Home for the Friendless,* 113 id. 337.)

These views lead to an affirmance of the judgment.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.