MINNESOTA DEBENTURE COMPANY v. ELMINA D. DEAN
and Others.[1]

April 4, 1902.

Nos. 12,720—(133).[2]

### Taxes—Redemption by Person under Disability.

Under G. S. 1894, § 1603, providing that minors, insane persons, and others under disability, having an estate in or lien on land sold for taxes, may redeem the same within two years after such disability shall cease, *held* that such right of redemption is given thereby to a minor who has either a vested or contingent remainder in lands sold for taxes, and that his right to redeem may be asserted in an action against him to determine adverse claims.

### Adverse Claims—Vested and Contingent Remainders.

The rule above stated in favor of minors under disability applied to the facts in this case, wherein an intermediate life estate was vested in the life tenant, with remainder to his heirs, and, upon the failure of such heirs, then to the heirs of a third person then living. *Held*, that the remainder to the heirs of the life tenant was vested, while the remainder over to the heirs of a third person was contingent, and that both classes of heirs have a present estate in the lands, which

[1] MINNESOTA DEBENTURE COMPANY v. UNITED STATES REAL ESTATE CORPORATION and Others.

April 4, 1902.

Nos. 12,721—(134).

Appeal by plaintiff from a judgment entered in the district court for Hennepin county, pursuant to the order of Elliott, J. Affirmed.

*Charles J. Tryon*, for appellant.

*Isaac A. Barnes*, for respondent.

PER CURIAM.

The legal principles involved in this cause in no wise differ from the questions disposed of in the appeal of Minnesota Debenture Co. v. Dean, including the minor heirs of William E. Dean and Alfred J. Dean. Hence our decision should follow the opinion of the court in that action,, and therefore the judgment is affirmed.

[2] Reported in 89 N. W. 848.

may be adjudged, in an action against them by the owner of a tax title to determine adverse claims.

Action in the district court for Hennepin county to determine the adverse claims of defendants to vacant and unoccupied land. The case was tried before Elliott, J., who made findings of fact and as conclusion of law found that plaintiff was the owner of the premises in question, subject to the right of the infant defendants, within two years after attaining their majority, to redeem their respective estates therein from certain tax sales upon which plaintiff's title was based. From a judgment entered pursuant to the findings, plaintiff appealed.   Affirmed.

*Charles J. Tryon*, for appellant.

*Isaac A. Barnes*, for respondents.

LOVELY, J.

Action to determine the adverse claim of each defendant to five vacant lots in Minneapolis. It was tried to the court, who made findings of fact, and held that appellant was the owner of the property under a valid tax judgment, subject, however, to redemption rights of four minor children of William E. Dean, and four other minor children of Alfred J. Dean, by virtue of the will of Joseph Dean, deceased, under G. S. 1894, § 1603, to be established within two years after any such minor attains majority, in a suit for that purpose. Judgment was entered in favor of the minors, from which plaintiff appeals.

The facts embraced in the findings are not in dispute, and the questions presented on this review are: First, whether such facts support the conclusion of law that the minor children of William E. Dean have each, respectively, an existing and continuing right to redeem from the tax judgment within two years after the minors shall have arrived at majority; second, whether the minor children of Alfred J. Dean are also entitled to such rights, in the event of their survival of the minor children of William E. Dean. Whatever interests such minors have are derived from Joseph Dean, who formerly owned the lots described in the complaint. He died testate May 20, 1890. The probate court of Hennepin

county entered a final decree September 5, 1892, and therein made distribution of the property as follows:

"To William E. Dean, during his natural life, and as a life estate only, he to have the use, including all rentals and income thereof, during his life, remainder in fee simple to the heirs of his body surviving at his death and in default of such heirs of his body, then in equal shares to said Joseph Dean's other sons, the heirs of the body of any of such other sons who may have theretofore died representing their father, and taking the share he would have taken if alive."

Joseph Dean's sons are William E. Dean, Frederick W. Dean, George F. Dean, and Alfred J. Dean, all living and defendants herein. Frederick and George are childless.

William E. Dean's children are: Marian S., aged nineteen, October 28, 1900; Joseph A., aged sixteen, March 24, 1900; William E., Jr., aged twelve, June 14, 1900; Dorothy L., aged eight, December 14, 1899.

Alfred J. Dean's children are: Agnes L., aged nineteen, November 11, 1900; Helen M., aged fourteen, January 16, 1900; Harold F., aged nine, September 19, 1900; Carolyn E., aged seven, January 27, 1900.

The respondents are the four children of William E. Dean and the four children of Alfred J. Dean. The four sons of Joseph Dean were defendants below, and were adjudged to have no right in the land, and they do not question the judgment.

The precise question involved on this appeal depends upon the construction we give to G. S. 1894, § 1603, which reads as follows:

"Minors, insane persons, idiots, or persons in captivity, or in any country with which the United States are at war, having an estate in or lien on lands sold for taxes, may redeem the same within two years after such disability shall cease; but in such case the right to redeem must be established in a suit for that purpose, brought against the party holding the title under the sale."

It is the contention of plaintiff that these respondents are not entitled to the benefit of this statute, for the reason that neither one at present has a vested interest in the property, but holds only a contingent remainder therein, which tenure is uncertain, liable to be enlarged, decreased, or wholly defeated in the future.

This is undoubtedly a remedial statute, to be construed to secure the benefits intended for those whose disabilities have made them the especial objects of legal concern, and it would seem, from a fair reading of the law itself, independent of other considerations, that, if the persons it seeks to favor cannot have it applied where their interests are to accrue in the future, contingent upon a precedent estate, it must be for the reason that the terms "estate" and "lien" in section 1603, supra, do not include the contingent interests such minors held when the owners of the intermediate estate were devested of their rights by the tax deed. Hence the first inquiry should be, do the words of the statute—"estate" or "lien"—embrace, in legal nomenclature, contingent remainders?

A lien, in its most extensive signification, includes every case in which real or personal property is charged with the payment of a debt or duty. Last edition Bouvier, Law Dict. tit. "Lien." Under this definition, we may dismiss the statutory word "lien" from our consideration, as having no application to any interest of respondents in the property in question, to seek the most approved meaning of the remaining statutory term "estate," upon the ownership of which the right to redeem, by respondents, must depend. An estate in lands and hereditaments signifies such interest as the tenant has therein. 2 Bl. Comm. p. 103. In the last edition of Bouvier, an estate is defined as follows: "The quantity of interest which a person has,—from absolute ownership down to naked possession." Thus it will be seen that the word "estate" at common law is most comprehensive, and we cannot find that it has been limited in use in this state, either by authority or legislative enactment. In G. S. 1894, c. 45, we have rights in land defined under the title "Estates in Real Property." In section 4368 we find the term "estate" applied to rights in land, both in possession and expectancy. In section 4371 a future estate is defined in general terms; in section 4374 "future estates," so designated, are described therein as vested or contingent. It would seem to follow that, under these prescribed definitions, whereby "estates" are classified, remainders, either vested or contingent, are comprehended in the term "estate."

It is appropriate to the contention here presented to quote section 4374, supra, in full. It reads as follows:

"Future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. They are contingent while the person to whom, or the event upon which, they are limited to take effect, remains uncertain."

It is urged that the two distinct clauses of section 4374 must be read together, so as to modify the provision in the first clause, which refers to future estates that are vested, by the second clause referring to contingent estates, and hold that both classes apply only to contingent, as distinguished from vested, rights. We cannot adopt this view, for effect must be given to each distinct provision of the statute. This is elementary. As expressed by Justice MITCHELL in the case of Whiting v. Whiting, 42 Minn. 548, 550, 44 N. W. 1030, 1031:

"The object of chapter 45 of our statute evidently was to abolish the technical distinctions between contingent remainders, springing and secondary uses, and executory devises, and to bring all these various executory interests nearer together, and to resolve them into a few plain principles, and to render all expectant estates equally secure from being defeated by the subtle refinements of the common law, contrary to the intention of the grantor or devisor."

So far as the finding of the trial court upon the rights of the children of William E. Dean to redeem is concerned, we conclude that, under the definition in the first clause of section 4374, they have each a vested estate, for they are persons in being who would have an immediate right to the possession of the land upon the ceasing of the intermediate or precedent estate; and neither by the definition of the lexicons, the statutory definition in the chapter defining estates, nor the literal sense of the statute authorizing minors to redeem, can they be excluded by interpretation from the benefits of such remedial right.

With reference to the children of Alfred J. Dean it is probably true that, under the decision of this court in Armstrong v. Arm-

strong, 54 Minn. 248, 55 N. W. 971, neither of them having a right to take upon the termination of the first precedent estate in William E. Dean, the interest of each must be treated as a contingent remainder; but it does not follow, from the possible contingency of their survival of the owner of the precedent estate and the heirs of William E. Dean who each have a vested remainder, that they are to be deprived, under legal rules, of a present interest in the property, or excluded from the expectant right of redemption secured by section 1603, supra. This is not a question to be determined by the application of recondite terms of ancient law, but by a practical interpretation of a remedial statute to enable persons within the purview of the remedy given to secure real, rather than imaginary benefits. A contingent remainder, as we have seen, under proper legal definitions is an estate (the only word limiting respondents' right to redeem in section 1603); and although it be admitted that the children of Alfred J. Dean might be cut off by the vesting of the estate in the children of William E. Dean upon their actual inheritance and exercise of their redemption rights within the proper time, yet the right of Alfred J. Dean's children in the property is not so remote, improbable, or uncertain as to exclude them from the benefits secured by the judgment of the trial court in this case.

It follows, as a result of the views above expressed, that the children of William E. Dean have a vested remainder in the real estate in question, to be opened to let in his future-born children, and only to be devested by their death before the redemption period expires; also, that the children of Alfred J. Dean have a future contingent remainder therein, under section 4374, supra. Hence both sets of children have an estate, within the meaning of G. S. 1894, § 1603, and are entitled to the right to redeem. Griffin v. Shepard, 124 N. Y. 70, 26 N. E. 339; Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811.

There may be some force in the suggestion of plaintiff's counsel, that the uncertainty which arises from extending the redemption right to these heirs will affect the interests of the state in the collection of its revenues through tax sales, and, possibly, deter contemplated purchases at such sales, notwithstanding the se-

curity of the property and the high rate of interest which must be paid upon redemption, which may have been regarded by the legislature as being sufficient to secure the interests of the state. If the disability statute (section 1603) admitted of two constructions, or were open to doubt in its application to those for whose benefit it was passed, this argument arising upon the difficulties suggested would be worthy of consideration, but the statute is plain in its terms; its significance is clear. It gives to every minor having an estate an assured right of redemption after his disability ceases.

As we have seen, each one of these minor respondents has an estate in the lands in dispute, and to deprive any one of the right to its exercise when it arises, can only be effected by a repeal or modification of the statute, which is beyond the authority of the courts. This view of the statute is in full accord with the policy of the law generally, and secures protection to those within its intended relief, hence the argument upon the difficulties suggested is not useful in construing its meaning. But in this connection we may refer to a difficulty in the construction sought by appellant, more potent, as it seems to us, than that mentioned above. The extreme solicitude of the law for the protection of minors, as well as others under disability, rests upon the fact that they are unable to protect themselves from the selfishness of those whose property interests are in conflict with theirs; and, if the contention of plaintiff in this case is well grounded, it would be possible, in instances where a minor held a contingent remainder,—perhaps of great value,—for the life tenant or owner of the intermediate estate, by collusion with third parties, to permit tax sales to go unredeemed against him, and thus defeat the substantial interests of the owner of the expectant estate.

It is, however, insisted that the decision of this court in Goodrich v. Florer, 27 Minn. 97, 6 N. W. 452, conflicts with the views above expressed. We have examined this case with considerable care, and are unable to agree with plaintiff's counsel in his interpretation of its meaning. This was an action to obtain the benefit of the redemption statute in behalf of an insane person, who brought suit to establish her claim, as provided in the last clause

of section 1603, through her guardian. It was there held that in such a case the right of the insane person to redeem was not suspended until her recovery, which was the question at issue. Her right was an undivided interest in the land, and the court said that, to have such an interest in the persons having the right to redeem, it was necessary that the right should be coextensive with the interest to be preserved. For this reason such right to redeem requires that the parties seeking it "shall actually have [not merely claim] the estate or lien by reason of which they claim to redeem."

The question in the case at bar was not involved in Goodrich v. Florer, for the court held therein that the right to redeem existed, without necessarily considering any circumstances involved in the case at bar, and would not control our independent view of the question now before us, even if the reference to the language quoted therefrom impliedly excludes contingent remainders. This distinction between the suit in the case at bar and in Goodrich v. Florer must not be overlooked in applying the dicta of the court in that case. Here suit is against the respondent minors to determine whether their right to redeem was cut off by the failure of the life tenant to pay the taxes, in which such right had not been established as yet by action for that purpose. In Goodrich v. Florer the action was to establish such redemption rights, which required the bringing of an action for that purpose, and the distinction between section 1603 and section 1604, which follows, authorizes redemption where a claim is made upon summary application to the court, and might well have led to the statement, as a matter of distinction in enforcing the redemption rights provided for in the two sections, and likewise to the expression that the party seeking to redeem under section 1603 should "actually have [not merely claim] the estate by reason of which he claims to redeem," referring most probably to the necessity under section 1603 of determining such right by judgment; hence we are unable to give to such language sufficient weight to deprive respondents of the right clearly conferred upon them by the express language of the statute itself.

The judgment is affirmed.