GRACE SMITH ROBERTSON *et al.* Appellants, *vs.* H. H. GUENTHER *et al.* Appellees.

*Opinion filed October 26, 1909.*

REAL PROPERTY—*when remainder created by deed is contingent.* The remainder created by a deed to a named person "during her natural life and at her death to her children surviving her, share and share alike," is contingent, since the condition of survival may prevent the remainder from ever coming into possession and the conditional element is incorporated into the description of the remainder-men. (*Lehndorf* v. *Cope,* 122 Ill. 317, and *Welliver* v. *Jones,* 166 id. 80, distinguished.)

APPEAL from the Circuit Court of Bureau county; the Hon. EDGAR ELDREDGE, Judge, presiding.

H. M. & CAIRO A. TRIMBLE, for appellants.

HARRIS & HERLOCKER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The question to be decided in this case is whether a remainder in ten acres of land is vested or contingent. Henry C. Smith being the owner in fee of one hundred and four acres of land in Bureau county, conveyed the same, on April 24, 1893, by warranty deed in statutory form, "to Alice Robertson during her natural life and at her death to her children surviving her, share and share alike," charged with the payment by the "grantees" of an annuity of $200, payable on the first day of March of each year to the said Henry C. Smith during his natural life. The grantee, Alice M. Robertson, then had four children, all of whom appear from the record to be still living. On November 14, 1905, Alice M. Robertson and her husband executed a lease of ten acres of said land to one of the appellees for a term of twenty-five years from January 1, 1906, for the purpose of opening and operating a gravel pit and digging, exca-

vating and removing gravel and sand from the demised premises. On September 15, 1906, the lessee assigned an undivided one-half interest in the lease to another of the appellees, and on October 20, 1906, the three assigned the lease to the appellee the Galesburg Gravel and Construction Company. On December 3, 1906, Alice M. Robertson, with her husband, executed an agreement to convey the same ten acres to two of the appellees, to be re-conveyed when all the gravel, sand and other material should be removed. The appellants are two of the children of Alice M. Robertson, and they filed their bill in this case in the circuit court of Bureau county to enjoin the appellees, as lessees of the life tenant, Alice M. Robertson, from committing waste by digging, excavating and removing from the land the gravel and sand thereon, and they prayed that on a final hearing the appellees might be required to cancel and surrender said lease and agreement for a deed. A temporary injunction was granted, and on a hearing it was dissolved and the bill dismissed. Appellants prayed and were allowed an appeal to the Appellate Court for the Second District, and that court transferred the cause to this court for the reason that a freehold is involved.

The material facts were not in controversy, and counsel are agreed that the decision of the question whether the remainder after the life estate of Alice M. Robertson is vested or contingent will dispose of the case. The conveyance of Henry C. Smith was to Alice M. Robertson for life and at her death to her children surviving her. The remainder was therefore subject to the condition precedent that the children of Alice M. Robertson, or some or one of them, should survive her to take the estate. The event which will determine the life estate must happen, but the event which will give appellants the remainder, or a share of it, is that they shall survive the life tenant, which may not happen. The person or persons who will take the remainder can only be ascertained upon the determination of

the life estate, when the remainder will take effect. The remainder is therefore not certain to take effect in possession but is subject to a condition which is precedent, both in form and substance. The condition may prevent the estate from ever coming into possession, and the conditional element is incorporated into the description of the remainder-man. Under all rules of construction the remainder is contingent. *Haward* v. *Peavey,* 128 Ill. 430; *Walton* v. *Follansbee,* 131 id. 147; *Mittel* v. *Karl,* 133 id. 65; *Temple* v. *Scott,* 143 id. 290; *Brechbeller* v. *Wilson,* 228 id. 502; Kales on Future Interests, sec. 109.

Counsel for appellants call attention to a number of decisions which they regard as supporting their argument that the remainder in this case is vested. The one which appears to be mainly relied upon is *Lehndorf* v. *Cope,* 122 Ill. 317. But in that case the deed of James W. Humphrey and wife conveyed the lands to "Maria Anna Lehndorf and her heirs by her present husband, Henry Lehndorf." She had two children who answered the description of the deed at the time it was executed. The remainder was not subject to any condition, and at common law Maria Anna Lehndorf would have taken an estate tail, but under section 6 of the Conveyance act she took a life estate with remainder in fee to her children by her said husband. The remainder vested in fee in the children living at the time the deed was executed, subject to be opened to let in afterborn children of the same class. Another case relied on is *Welliver* v. *Jones,* 166 Ill. 80, where the will gave certain lands "to my wife, Morganna, and her heirs by me." The testator died leaving Morganna Welliver, his widow, and one child, and the court held, as in the other case, that under the Conveyance act Morganna Welliver took a life estate with remainder in fee simple absolute to the child, and held that the remainder was vested. None of the cases cited by counsel for appellants are similar to this one.

The decree is affirmed.        *Decree affirmed.*