## HENRY J. SAVELA AND OTHERS v. OTTO ERICKSON.[1]

July 27, 1917,

Nos. 20,441—(225).

**Will — devise to members of a class.**

1. Where a gift is made by will to a class of persons and immediate distribution is contemplated, the persons constituting the class are determined as of the death of the testator.

**Same — when bequest is contingent.**

2. Where the bequest to the class is contingent, the members constituting the class are not determined as of any time earlier than the vesting of the estate.

**Same — when right of enjoyment is postponed.**

3. Where a gift is to a class and the right of enjoyment is postponed, beyond the time that it vests in right, and until the termination of a preceding estate, the members entitled to take are determined as of the time when the gift to the class vests in enjoyment.

**Same — amendment of final decree to protect posthumous grandchildren.**

The probate court made a decree vesting in certain named persons a remainder left by will to "the grandchildren" of the testator. One grandchild had been born after the death of the testator and before the

[1]Reported in 163 N. W. 1029.

decree. Of this fact the court had no knowledge. Another was born after the decree but before the estate vested in enjoyment in the grandchildren. The rights of these were not presented to the court and no provision was made for them. The court had power after the estate vested in enjoyment in the grandchildren to amend the final decree so as to protect the rights of these after-born children.

Irene D. R. Savela, born January 11, 1914, and Earl D. H. Savela, born April 16, 1916, by their father and guardian, Henry J. Savela, petitioned the probate court for Renville county for the correction of the final decree of that court in the matter of the estate of their grandfather, John Savela, deceased. The petition was denied. From that part of the order refusing to include the grandchildren named as heirs of said decedent and to grant them an equal share with the other grandchildren of deceased, their father and guardian appealed to the district court for that county. The appeal was heard by Daly, J., who made findings modifying the final decree of the probate court so as to grant to the grandchildren named their distributive share in the estate. From an order denying the motion of Gladys Savela and other minors, by their respective guardians, for amended findings or for a new trial, the guardians appealed. Affirmed.

*Paul J. Thompson* and *Harold B. Ransom,* for appellants.

*Frank Clague* and *Frank Hopkins,* for respondents.

HALLAM, J.

John Savela died testate November 14, 1913, leaving a widow and several children and grandchildren. By his will he gave the possession and use of all of his property to his wife Elsa for life. After her death he gave a legacy to his daughter Anna, and "all the rest and residue" to his son August, and provided that "should my son August die before the death of my beloved wife, Elsa, then and in that case I give, devise and bequeath all of the said estate * * * in the manner following: Ten ($10.00) dollars * * * to my grandchild William Alfred Martin, and all the rest and residue of the said estate to my other grandchildren, to my daughter Anna, and to my foster son, August M. Savela, to be divided among them share and share alike."

August died May 9, 1915, before his mother, so that the residuary be-

quest to him never vested in enjoyment, and the residuary bequest to the grandchildren did become operative. On August 30, 1915, after the death of August, and before the death of his mother, a final decree was entered in the probate court. Distribution was made, taking into account only grandchildren born before the death of the testator. There were 15 of these, the children of two sons and two daughters. Eight were the children of a son Henry Savela. Two grandchildren, children of Henry Savela, were born after the death of the testator and before the death of his wife: one Irene D. R. Savela born November 11, 1914, before the death of August and before the final decree, another, Earl D. H. Savela, born April 16, 1916, after the death of August and after the final decree. The widow Elsa Savela died June 9, 1916. Thereafter a petition was filed in the probate court to amend the final decree so as to include Irene and Earl in the distribution. The probate court denied the petition. On appeal the district court granted it.

The question is, as of what time are the grandchildren entitled to take to be determined—as of the death of the testator—as of the death of August—or as of the death of the widow. If as of the death of the testator, then neither Irene nor Earl can be included. If as of the death of August, Irene but not Earl is included. If as of the death of the widow, both are included.

1. We recognize the rule that a will usually speaks as of the death of the testator. Kottmann v. Gazett, 66 Minn. 88, 68 N. W. 732; Yates v. Shern, 84 Minn. 161, 86 N. W. 1004; but there are other well settled principles of law to be considered in connection with this one.

The devise to the grandchildren is a devise to a fluctuating class. It is often stated in general terms that testamentary gifts to members of a class intend prima facie that class as it exists at the testator's death. Schouler, Wills, § 529. Where the question is whether the class as existing at the death of the testator or at some earlier time as, for example, the date of the will is intended, this rule is a satisfactory one and is generally accepted. Yates v. Shern, 84 Minn. 161, 86 N. W. 1004; Schaffer v. Kettell, 14 Allen (Mass.) 528; Matter of King, 200 N. Y. 189, 93 N. E. 484, 34 L.R.A. (N.S.) 945, 21 Ann. Cas. 412; Eberts v. Eberts, 42 Mich. 404, 4 N. W. 172. See Welch v. Blanchard, 208 Mass. 523, 94 N. E. 811, 33 L.R.A. (N.S.) 1. But where the question is whether the class as at the

date of the death of the testator or at some later date is intended, the rule is subject to so many modifications and exceptions, that there is little left to the rule.

Where an immediate gift is made to a class and the right exists to have the property distributed at once on the death of the testator, the persons constituting the class are determined as of the death of the testator. 40 Cyc. 1475; McLain v. Howald, 120 Mich. 274, 79 N. W. 182, 77 Am. St. 597; Blain v. Dean, 160 Iowa, 708, 142 N. W. 418; Alsman v. Walters, 184 Ind. 565, 106 N. E. 879, 111 N. E. 921. Some decisions state this to be true even though distribution is postponed. Smith v. Smith, 186 Mass. 138, 71 N. E. 314; Matter of Smith, 131 N. Y. 239, 30 N. E. 130, 27 Am. St. 586; Yates v. Shern, 84 Minn. 161, 86 N. W. 1004. But if the latter proposition is applicable at all it is not applicable to facts such as are presented in this case.

2. The facts here are that at the time of the death of the testator, the interest of the grandchildren was a contingent remainder (G. S. 1913, § 6663; 2 Washburn, Real Property, § 1556; Minnesota Debenture Co. v. Dean, 85 Minn. 473, 89 N. W. 848); whether they would take at all was contingent until the death of August. On his death, the right of the grandchildren to take became vested remainder. Archer v. Jacobs, 125 Iowa, 467, 101 N. W. 195; Matter of Allen, 151 N. Y. 243, 45 N. E. 554. See Johrden v. Pond, 126 Minn. 247, 148 N. W. 112.

It is a principle quite well recognized that, where a bequest to a class of persons is contingent, the members of the class entitled to take are not determined as of the death of the testator nor as of any time earlier than the vesting of the estate, for it is not to be supposed that the testator intended that the members of the class should be fixed before it is determined that there is to be a bequest. 1 Schouler, Wills, § 532a; Hawke v. Lodge, 9 Del. Ch. 146; Estate of Cavarly, 119 Cal. 406, 410, 51 Pac. 629; Estate of Henderson, 161 Cal. 353, 119 Pac. 49. It is clear then that the grandchildren benefited are not to be determined as of the death of the testator. This settles the case of Irene, but not of Earl. We must consider his case further.

3. There is a manifest disposition in all cases where a gift to a class is not immediate and the bequest is not distributable at once, to let in those

who become members of the class at any time before distribution is made. 1 Schouler, Wills, §§ 529, 530.

Some decisions looking for reasons, justify the rule in this manner: "Where there is no gift but by a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting in the beneficiary will not take place until that time arrives." Folger, J., in Warner v. Durant, 76 N. Y. 133, 136. Or: "If *futurity* is annexed to the *substance* of the gift, the vesting is suspended; but if it appear to relate to the time of payment only, the legacy vests instanter." Denio, C. J., in Everitt v. Everitt, 29 N. Y. 39, 75. Phinizy v. Foster, 90 Ala. 262, 7 South. 836. In some cases it is said this rule applies to cases where there is no direct devise but the beneficiary takes by virtue of a direction to divide or convey. Benner v. Mauer, 133 Wis. 325, 113 N. W. 663; Cammann v. Bailey, 156 App. Div. 87, 141 N. Y. Supp. 41, 48. These decisions all seem to introduce distinctions over-refined, and rules difficult of application.

Many decisions hold that where there is a gift to a class, as children or grandchildren, and distribution to the members of the class is postponed, the gift vests in all members in existence at the testator's death, but so as to open and let in children who may come into existence at any time before the period of distribution. 1 Tiffany, Real Prop. § 122; 2 Washburn, Real Prop. § 1545, 40 Cyc. 1480; Doe v. Considine, 6 Wall. 458, 475, 18 L. ed. 869; Byrnes v. Stillwell, 103 N. Y. 453, 9 N. E. 241, 57 Am. Rep. 760; Dole v. Keyes, 143 Mass. 237, 9 N. E. 625; Archer v. Jacobs, 125 Iowa, 467, 478, 101 N. W. 195; Alsman v. Walters, 184 Ind. 565, 106 N. E. 879, 111 N. E. 921; Scott v. West, 63 Wis. 529, 573, 24 N. W. 161, 25 N. W. 18; Oppenheim v. Henry, 10 Hare, 441. See Minnesota Debenture Co. v. Dean, 85 Minn. 473, 478, 89 N. W. 848. We have no quarrel with this rule. The result harmonizes with the result attained by the great majority of decisions.

The fact is that, while courts differ in the line of reasoning followed, by far the greater number favor the rule that where a gift is to a class, as children or grandchildren, and the right of enjoyment is postponed beyond the time that the gift vests in right, and until the termination of a preceding estate, the members of the class entitled to take will be ascertained as of the time when the intervening estate is determined and the gift to the class vests in enjoyment. 40 Cyc. 1477; Doe v. Considine, 6

Wall. 458, 475, 18 L. ed. 869; McArthur v. Scott, 113 U. S. 340, 380, 5 Sup. Ct. 652, 28 L. ed. 1015; Pugh v. Frierson, 221 Fed. 513, 137 C. C. A. 223; McLain v. Howald, 120 Mich. 274, 79 N. W. 182, 77 Am. St. 597; Matter of Allen, 151 N. Y. 243, 45 N. E. 554; Alsman v. Walters, 184 Ind. 565, 106 N. E. 879, 111 N. E. 921; Brewick v. Anderson, 267 Ill. 169, 107 N. E. 878; Hall v. Hall, 123 Mass. 120; Dary v. Grau, 190 Mass. 482, 77 N. E. 507; Oliver's Estate, 199 Pa. St. 509, 49 Atl. 215; Teed v. Morton, 60 N. Y. 502; Blatchford v. Newberry, 99 Ill. 11, 46; Waddell v. Waddell, 99 Mo. 338, 12 S. W. 349, 17 Am. St. 575; Chew's Appeal, 37 Pa. St. 23, 28; Devisme v. Mello, 1 Brown, C. C. 537; Hutcheson v. Jones, 2 Madd. 129; See Robertson v. Guenther, 241 Ill. 511, 89 N. E. 689, 25 L.R.A.(N.S.) 887.

This rule appeals to us as most consistent with reason and most likely to give effect to the intention of the donor. It seems to us to harmonize with the intent of the testator in this case as it may be gathered from the will. It is evident that deceased intended to treat without partiality all of his grandchildren except the one specially excepted. For example, testator's son Henry had eight children living at the time of the testator's death and these two born later. There is no apparent reason why he should wish to discriminate in favor of the eight to the exclusion of the two. We think he intended that the grandchildren in existence when his wife should die should be the objects of his bounty.

4. So much for the construction of the will. The contention is made that the decree of the probate court, which in effect excludes Irene and Earl, not having been appealed from within the time allowed by law, is final. It is true a decree of distribution made by a probate court is a decree in rem and binds infants and parties not in being. Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99. It is also generally true that if a probate decree is deliberately entered into as the result of a judicial construction of the will, with no fraud and no mistake other than an erroneous construction of law, the power of the court to amend such decree is exhausted upon the expiration of the time to appeal therefrom. Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496; Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285; Robinson v. Thomson, 137 Minn. 446, 163 N. W. 786.

On the other hand, it is settled that if the decree was obtained by fraud

or was the result of a mistake of fact, relief may be had in equity, and it is fairly inferable from what is said in the cases cited that a decree may be amended in the probate court on the same grounds. We so hold. This covers the case of Irene. At the time of the entry of the final decree, the fact that Irene had been born was unknown to the court. No one in fact represented her and it must be said that the decree was entered under a mistaken apprehension of a very material fact.

If we follow the reason of the decisions cited, we have no trouble in finding power in the probate court to vacate the decree as to Earl. In Tomlinson v. Phelps it was said the limit of power of the court to vacate its decrees is the same as in district court, and this is the statute (G. S. 1913, § 7211), and following the decision in Gallagher v. Irish-American Bank, 79 Minn. 226, 81 N. W. 1057, it was held that where the application rested upon considerations of legal right wholly, it must, under well settled rules of law, be made before the time for appeal expired, and that the statutes giving the court power to modify its judgments "for good cause shown" did not enlarge such limitation as to time, but it was distinctly stated in the last case that no decision was made as to the right of a party to be relieved from a judgment taken against him through his "mistake, inadvertence, surprise, or excusable neglect."

It has been held by this court in many cases extending over many years that the probate court has power to relieve a party from a judgment procured "through surprise, or excusable inadvertence or neglect." In re Gragg, 32 Minn. 142, 19 N. W. 651; In re Hause, 32 Minn. 155, 19 N. W. 973; Larson v. How, 71 Minn. 250, 73 N. W. 966. This may be justified under G. S. 1913, § 7490, subd. 8, or under section 7211, taken in connection with section 7786. It has never been held that application to open a decree on this ground must be made within the time limited for taking an appeal. In the Larson case, relief was granted on an application made after the time for appeal had expired. A sufficient showing has been made for relief on this ground. It would be harsh doctrine to hold that the interest of children yet unborn might be foreclosed by an erroneous adjudication with no power in the court to correct the error, when the rights of such children were not considered by the court, nor presented to the court, where all living persons interested in the distribution of the estate have interests antagonistic to them, and where there is no one

in privity with the unborn to act for them on the principle of representation. The decree was properly vacated.

Order affirmed.