ANNE MINER v. EMMA T. BUZICK AND OTHERS.[1]

November 24, 1939.

No. 32,128.

[1]Reported in 288 N. W. 582.

*L. P. Johnson,* for appellant.
*Schmitt, Johnson & Farrish,* for respondents.

HOLT, JUSTICE.

Plaintiff, claiming to be the owner of 23 lots in block 23 of Le Hillier City in Blue Earth county, brought this action against defendants to determine their adverse claims therein. She claimed to be such owner by virtue of a certificate of real estate tax judgment sale, issued by the county auditor of said county, dated May 12, 1930, and duly recorded, after expiration of redemption, in the office of the register of deeds of said county on October 17, 1936. There were separate answers by the different defendants, containing a general denial. The defendants John Colman and Donal Colman in addition alleged that they had a lien superior to any interest of plaintiff in the premises. At the trial these defendants asked permission to amend the answer so as to allege that Donal Colman had and has an interest in said premises and that he was "an infant up to September 9, 1936, upon which date he became of age; that he requests permission of the court to redeem from any tax sale that may have been had" upon such condition and terms as the court may see fit. The court made findings of fact and conclusions of law that plaintiff has no right, title, or interest in said premises except a lien for the amount of certain taxes paid thereon. Her motion for amended findings or a new trial was denied. She appeals from the judgment.

Of the assignments of error only two need be considered in order to dispose of the appeal. The attorney for respondents virtually concedes that there is an error in the finding of the amount of taxes paid by plaintiff subsequent to the judgment sale, and, as we have concluded that the judgment must be reversed and the case remanded to the court below for entry of a proper judgment, the only assignment to be considered is the one which challenges finding VII as contrary to the law and evidence. The said finding reads:

"That no valid judgment was in fact entered against said premises for the taxes for the year 1928, and that said purported judgment dated March 10, 1930, was in fact null and void, and that by reason thereof the sale of said premises above described pursuant to said judgment is null and void, and the plaintiff acquired no right, title, estate, interest in or to said land by virtue of said certificate of sale dated October 17th, 1936."

Whether this finding be deemed a finding of fact or a conclusion of law, it is not sustained by the record. This is a collateral attack on a judgment of the district court. It is not subject to such attack except for jurisdictional defects appearing on the face of the record. The only defect so appearing is that the judgment was entered prematurely. The last publication was on February 24, 1930, and the judgment was entered March 10, 1930, while the time for answering did not expire until March 16, 1930. But this has been held not jurisdictional. Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341. There had been no application to the court to open or vacate the judgment and permit an answer. We think the court erred in making the VII finding or conclusion, and therefore the judgment must be reversed.

However, there seems to be no good reason for prolonging this litigation. 1 Mason Minn. St. 1927, § 2154, reads:

"Minors, * * * having an estate in or lien on lands sold for taxes, * * * may redeem the same within one year after such disability shall cease; but in such case the right to redeem

must be established in a suit for that purpose brought against the party holding the title under the sale."

Minnesota Debenture Co. v. Dean, 85 Minn. 473, 89 N. W. 848, held that this statute gave a minor, having any estate or lien on land sold under a valid tax judgment, the right to redeem from such sale within two years after becoming of age, regardless of whether or not the owner's right of redemption had been terminated by proper notice. Donal at the trial requested his answer to be amended so as to permit redemption; but no formal amended answer is in the file. This should be corrected, for § 2154 contemplates a suit after the minor becomes of age to enforce redemption. Unless permitted herein by answer, it is now too late for Donal to bring such suit. This record shows that Donal established his age and that he owned an undivided one-half of a $3,000 mortgage on these premises since 1926, and still owns the same. The property appears to be worth upwards of $6,000, and on redemption plaintiff would not be entitled to one-tenth of that sum for her interest. Under the statute quoted and the decision cited, there is no doubt of Donal's right to a judgment permitting him to redeem. But there must be amended findings. We discover no fatal defect in the tax judgment entered March 10, 1930, nor in the sale on which the tax certificate of plaintiff issued under date of May 12, 1930, nor as to the notice of expiration of the time of redemption. We think plaintiff is entitled to findings to that effect. As to the amount of taxes paid by plaintiff subsequent to the sale, as stated, there is an error, but there is no reason why the attorneys concerned should not stipulate as to this amount. The findings should also specify the time within which Donal might redeem, and that in case he fails to make redemption within such time plaintiff have judgment as prayed.

The judgment is reversed and cause remanded with directions to amend the findings of fact and conclusions of law in harmony herewith.

Mr. Chief Justice Gallagher took no part in the consideration or decision of this case.

